JESSE A. CRIPPS, SBN 222285
jcripps@gibsondunn.com
LYNN N. HANG, SBN 245576
lhang@gibsondunn.com
LISA S. ENGEL, SBN 273888
lengel@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Attorneys for Defendant Northrop Grumman
Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN ZINZOW, on behalf of himself and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHROP GRUMMAN CORPORATION, a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO. CV12-04579 R (AJWx)<br><br>The Honorable Manuel Real<br><br>**DECLARATION OF STEVEN ANDERSON IN SUPPORT OF DEFENDANT NORTHROP GRUMMAN CORPORATION'S MOTION TO COMPEL BILATERAL ARBITRATION AND STAY PROCEEDINGS OR, ALTERNATIVELY, TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3)**<br><br>Hearing Date:  July 2, 2012<br>Hearing Time: 10:00 a.m.<br>Hearing Place:  Courtroom 8 |

///

///

///

///

///

1

# DECLARATION OF STEVEN ANDERSON

1.    I am currently employed with Northrop Grumman Corporation ("Northrop Grumman") as Manager, Human Resources and have been employed in this role since August 2010.  Among other things, my current responsibilities include providing day-to-day Human Resources operational support, developing and implementing Human Resources programs and processes, and resolving employee relations issues.  I am also aware of updates to the company wide and corporate office Human Resources policies and procedures.  Unless otherwise stated, I have personal knowledge of the facts set forth in this Declaration and if called as a witness I could and would competently testify thereto.

## Overview of Northrop Grumman's Operations

2.    I am familiar with Northrop Grumman's national and worldwide business operations, marketing, and sales.  Northrop Grumman is a leading global defense contractor that provides products and strategic and technological support in aerospace, electronics, information systems, and technical services to government (federal, state and local) and commercial customers worldwide.  It markets, advertises, and sells its products and services to clients in 25 countries, and also maintains a network of more than 30 U.S. business development offices and local businesses, including out-of-state contractors, to serve customers in major international markets in Europe, the Middle East, and Asia Pacific.  Among other places, Northrop Grumman has offices located in California, Maryland, Virginia, and the United Kingdom.  From these locations, Northrop Grumman provides products and services to customers across the world. Northrop Grumman's global services and operations are supported, in part, by its Aircraft Mechanics.

## Zinzow's Signed Arbitration Agreement

3.    As Manager, Human Resources, I am familiar with the existence and maintenance of personnel files at Northrop Grumman and regularly rely on such documents in my role at the Company.  By virtue of my involvement in that process,

1 and my review of documents from Mr. Zinzow's personnel file, I have reviewed a true

2 and correct copy of the signed Dispute Resolution Process Acknowledgment and

3 Agreement contained in Mr. Zinzow's personnel file, dated August 24, 2005. A true

4 and correct copy of the Dispute Resolution Process Acknowledgment and Agreement

5 is attached hereto as <u>Exhibit A</u>. Also included in Exhibit A are true and correct copies

6 of the Dispute Resolution Process and the Mediation/Arbitration Guide in effect at that

7 time. As a Manager, Human Resources, because I am involved in various updates to

8 company-wide and corporate office Human Resources policies and procedures, I am

9 familiar with the policies in effect at that time.

10 <div align="center">**<u>Distribution of Arbitration Agreement By First Class Mail</u>**</div>

11     4.     I am readily familiar with Northrop Grumman's arbitration agreement, as

12 embodied in CO No. H103, titled "Dispute Resolution Process," and in CO No.

13 H103A, titled "Employee Mediation/Binding Arbitration Program" ("Arbitration

14 Agreement"). In addition, in my role as Manager, Human Resources, I am familiar

15 with the methods below that have been used to distribute the Arbitration Agreement

16 and related materials to Northrop Grumman's employees and the documents reflecting

17 the distribution of those documents. In my role as Manager, Human Resources, I

18 regularly rely on the accuracy of such documents in the normal course of business.

19     5.     I have reviewed documents related to the distribution of the Arbitration

20 Agreement to Northrop Grumman employees in 2006, and have confirmed through a

21 review of those documents that Northrop Grumman retained a mail service to send Mr.

22 Zinzow the following materials by United States First Class Mail on October 2, 2006:

23         a. "Dispute Resolution Process," CO No. H103 (9/15/06), a true and

24         correct copy of which is attached hereto as <u>Exhibit B</u>;

25         b. "Employee Mediation/Binding Arbitration Program," CO No. H103A

26         (9/15/06), a true and correct copy of which is attached hereto as

27         <u>Exhibit C</u>;

28

<div align="center">3</div>

c. "Ian Ziskin Announcement of Updated Dispute Resolution Process," a

true and correct copy of which is attached hereto as <u>Exhibit D</u>.

The distribution of these materials to Mr. Zinzow is reflected on a Proof of Service,

attached hereto as <u>Exhibit E</u>.

6. I have reviewed documents related to the distribution of the Arbitration

Agreement to Northrop Grumman employees in 2010, and have confirmed through a

review of those documents that Northrop Grumman retained a mail service to send Mr.

Zinzow the following materials by United States First Class Mail on February 12,

2010:

a. "Ian Ziskin Announcement of Updated Dispute Resolution Process," a

true and correct copy of which is attached hereto as <u>Exhibit F</u>;

b. "Employee Mediation/Binding Arbitration Program," CO No. H103A

(2/15/10), a true and correct copy of which is attached hereto as

<u>Exhibit G</u>.

The distribution of these materials to Mr. Zinzow is reflected on a Proof of Service,

attached hereto as <u>Exhibit H</u>.

**Distribution of Arbitration Agreement By Electronic Mail**

7. I am familiar with Northrop Grumman's processing of email distributions

through Microsoft Outlook, and I regularly rely upon the accuracy of this system in the

ordinary course of business. This system allows email messages to be distributed to

various identified email addresses, which are processed by servers that allow the

messages to be displayed on the email recipient's computer that same day. Microsoft

Outlook also has a feature that allows the sender to receive confirmation when an

email message is delivered. When such confirmation is requested, the resulting

confirmation list is emailed back to the sender.

8. I have reviewed documents related to the distribution of the Arbitration

Agreement to Northrop Grumman employees in 2006, and have confirmed through a

review of those documents that the "Employee Mediation/Binding Arbitration

1  Program" and "Dispute Resolution Process" were sent to various Northrop Grumman

2  employees, including Mr. Zinzow, by electronic mail on September 29, 2006.  That

3  email contained a company announcement concerning updates to the DRP and

4  attached copies of CO No. H103 and CO No. H103A.  A true and correct copy of that

5  email, and the accompanying attachments, are attached hereto as Exhibit I.  Also

6  included in Exhibit I are true and correct copies of delivery receipts which reflect that

7  Mr. Zinzow received the company announcement on September 29, 2006.

8      9.      As reflected in Exhibit I, the electronic email announcement to Mr.

9  Zinzow also contained an electronic hyperlink to the "Summary of Updates to the

10  Dispute Resolution Process."  A true and correct copy of the "Summary of Updates to

11  the Dispute Resolution Process" is attached as Exhibit J.

12      10.     My review of the documents has also confirmed that the "Employee

13  Mediation/Binding Arbitration Program" was sent to various Northrop Grumman

14  employees, including Mr. Zinzow, by electronic mail on February 16, 2010.  That

15  email contained a company announcement concerning updates to the Dispute

16  Resolution Process and attached a copy of CO No. H103A.  A true and correct copy of

17  that email, and the accompanying attachments, are attached hereto as Exhibit K.  Also

18  included in Exhibit K are true and correct copies of delivery receipts which reflect that

19  Mr. Zinzow received the company announcement on February 16, 2010.

20      11.     As reflected in Exhibit K, the electronic mail announcement to Mr.

21  Zinzow also contained direct internet link to the "Command Media Web site," from

22  which the revised version of H103A could be obtained.  A snapshot of the "Command

23  Media Web site" is attached as Exhibit L.

24              **Zinzow's Signed Disciplinary Notice in 2010**

25      12.     My review of documents from Mr. Zinzow's personnel file revealed a true

26  and correct copy of a fully-executed "Disciplinary Notice and Corrective Action Plan,"

27  dated December 2, 2010.  A true and correct redacted copy of the Disciplinary Notice

28  and Corrective Action Plan is attached hereto as Exhibit M.  As reflected in attached,

the Disciplinary Notice and Corrective Action Plan specifically instructs the employee to refer to Northrop Grumman's dispute resolution process, and contains hyperlinks to the company handbook and CO. No. H103.

## Mr. Zinzow's Continued Employment

13.   I am familiar with the internal systems used to track the dates of employment of Northrop Grumman employees, and regularly rely on that information in my role as Manager, Human Resources.  Based on my review of that information, I have determined that, following his receipt of the Arbitration Agreement in September 2006, Mr. Zinzow continued his employment with Northrop Grumman.  I have also determined that, following his receipt of the Arbitration Agreement in February 2010, Mr. Zinzow continued his employment with Northrop Grumman.  At all times since 2005, Mr. Zinzow has remained an employee of Northrop Grumman and, as of the date of this declaration, continues to be employed with Northrop Grumman.

14.   I am familiar with the internal systems used to track the compensation of Northrop Grumman employees, and regularly rely on that information in my role as Manager, Human Resources.  Based on my review of that information, I have determined that Mr. Zinzow earned, by virtue of his employment with Northrop Grumman, in excess of $29,000/year in 2006, in excess of $41,000/year in 2007, in excess of $47,000/year in 2008, in excess of $66,000/year in both 2009 and 2010, and in excess of $45,000/year in 2011.

I declare under penalty of perjury under the laws of the United States and the laws of the state of California that the foregoing is true and correct.

Executed this __31st__ day of __May__, 2012 in __San Diego__, __California__.

_N Steven Anderson_
Steven Anderson

# EXHIBIT A

**DISPUTE RESOLUTION PROCESS**
**ACKNOWLEDGMENT AND AGREEMENT**
Form C-651 (4-04)*

**NORTHROP GRUMMAN**

By accepting employment with Northrop Grumman Corporation (the "Company"), applicants for employment with the Company agree, in return for the Company's offer of employment, to submit all covered claims to the Dispute Resolution Process (the "DRP") and to accept an arbitrator's award under the DRP as the final, binding, and exclusive determination of all such claims. An explanation of what claims are covered is found on page 1 of the DRP, a copy of which is attached to this Acknowledgment and Agreement.

This Acknowledgment and Agreement incorporates the DRP and the Mediation/Arbitration Guide (the "Guide"), a copy of which is also attached to this Acknowledgment and Agreement. The DRP and the Guide are the sole and complete agreement between the Company and employees with respect to the resolution of claims covered by the DRP.

THIS ACKNOWLEDGMENT AND AGREEMENT ITSELF DOES NOT CONSTITUTE AN OFFER OF EMPLOYMENT. NEITHER THE DRP NOR THE GUIDE CHANGES THE EMPLOYMENT-AT-WILL RELATIONSHIP BETWEEN THE COMPANY AND ITS EMPLOYEES.

BY SIGNING THIS AGREEMENT, I ACKNOWLEDGE THAT I HAVE CAREFULLY READ AND UNDERSTAND BOTH THIS ACKNOWLEDGMENT AND AGREEMENT AND THE DRP AND THE GUIDE AND THAT I HAVE HAD AN OPPORTUNITY TO ASK QUESTIONS ABOUT THEM. I AGREE THAT ALL DISPUTES INVOLVING A CLAIM COVERED BY THE DRP WILL BE SUBMITTED TO AND DECIDED IN ACCORDANCE WITH THE DRP, WHICH INCLUDES FINAL AND BINDING ARBITRATION. I RECOGNIZE THAT I AM GIVING UP ANY RIGHT TO A JURY TRIAL OR COURT TRIAL FOR ANY COVERED CLAIM THAT MIGHT ARISE FOLLOWING EMPLOYMENT. I UNDERSTAND THAT I MAY CONSULT AN ATTORNEY PRIOR TO SIGNING THIS ACKNOWLEDGMENT AND AGREEMENT.

I acknowledge receipt of the DRP and Guide, and I agree to be bound by the DRP as a term and condition of my employment with the Company.

| NAME (PRINT) | SIGNATURE | DATE |
|---|---|---|
| Alan M. Zinzow | Alan M. Zinzow | 8-24-05 |

<table>
<tr><td colspan="2"><strong>NORTHROP GRUMMAN</strong></td><td>CO NO.</td><td>H103</td></tr>
<tr><td colspan="2" rowspan="2">CORPORATE PROCEDURE</td><td>PAGE</td><td>1 of 16</td></tr>
<tr><td>DATE</td><td>30 January 2004</td></tr>
<tr><td><strong>Subject:</strong></td><td>DISPUTE RESOLUTION PROCESS</td><td>SUPERSEDES</td><td>29 March 2002</td></tr>
<tr><td colspan="2">AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY. VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.</td><td>REVISION</td><td>General</td></tr>
</table>

## Overview

| | |
|---|---|
| **Process Owner** | Director of Employee Relations |
| **Purpose** | This procedure describes Northrop Grumman's Dispute Resolution Process. |
| **Applicable To** | **The Dispute Resolution Process applies to and is binding on Northrop Grumman and all employees, not excluded below, hired or who continue to work for Northrop Grumman on or after 10 May 2004.**<br><br>The Dispute Resolution Process is not available to:<br>• applicants not yet employed<br>• employees represented by a labor union<br>• employees not covered by U.S. law<br><br><u>Note</u>:  Employees of the Electronic Systems sector were given the option to opt out of this Dispute Resolution Process prior to 10 May 2004. |
| **In This Procedure** | This procedure contains the following sections:<br>• Overview<br>• Covered Claims<br>• Time Limits for Filing Claims<br>• Informal Review<br>• Administrative Officer Review<br>• Management Appeals Committee<br>• Mediation/Arbitration – General Information<br>• Mediation<br>• Arbitration |

*Continued on next page*

**Exhibit A**
9

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 2 of 16
30 January 2004

## Overview, Continued

| | |
|---|---|
| **Attachment** | The following attachment is incorporated into and part of this procedure:<br>• CO No. H103A, Employees Mediation/Arbitration Process Guide |
| **Forms** | The following Corporate Forms may be used in the Dispute Resolution Process:<br>• Form C-604, Formal Request for Administrative Officer Review<br>• Form C-605, Notice of Appeal to the Management Appeals Committee<br>• Form C-606, Request For Mediation<br>• Form C-607, Demand For Arbitration |
| **General** | Northrop Grumman values employees as its most important resource and places a high priority on ensuring fair and consistent treatment (see CP No. H1, Human Resources). The company is committed to creating an environment of mutual trust and professionalism where problems can be fairly resolved through an interactive process that encourages better communication at all levels.<br><br>Employees are encouraged to work with their management to achieve resolution concerning any problems impacting the employee's work. Employees needing additional assistance should contact their Human Resources representative for advice and assistance regarding any work-related issues. |
| **Dispute Resolution Progressive Steps** | The Dispute Resolution Process consists of five progressive steps:<br>• Informal Review<br>• Administrative Officer Review<br>• Management Appeals Committee<br>• Mediation<br>• Arbitration<br>The details of each are presented in the sections that follow. CO No. H103A should also be consulted for additional guidelines and details. |

*Continued on next page*

**Exhibit A**
**10**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 3 of 16
30 January 2004

## Overview, Continued

**Process Flowchart**

Below is a flowchart of the dispute resolution process.



AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 4 of 16
30 January 2004

## Covered Claims

| | |
|---|---|
| **In This Section** | This section discusses the types of claims that can be brought to the Dispute Resolution Process. |
| **Informal Review** | For the Informal Review step, employees may raise any issue that arises in the workplace, including claims excluded from the Administrative Officer Review and the Management Appeals Committee steps. |
| **Administrative Officer Review/ Management Appeals Committee** | For the Administrative Officer Review and Management Appeals Committee steps, the following claims may be brought: |

For the Administrative Officer Review and Management Appeals Committee steps, the following claims may be brought:

- Claims alleging a specific employment action, such as layoff, demotion, discipline or termination, violate a specific applicable company policy.
- Claims alleging unlawful discrimination or unlawful harassment that would be actionable in a court under applicable law.

The Administrative Officer Review and Management Appeals Committee process excludes claims involving:

- Informal letters, memos, or verbal counseling related to management's right and discretion in counseling.
- Reviewing or documenting an employee's performance.
- Determining the amount and effective date of pay adjustments.
- Establishing or changing business and personnel policies, procedures, or practices.

Human Resources is responsible for interpreting these guidelines.

*Continued on next page*

**Exhibit A**
**12**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 5 of 16
30 January 2004

## Covered Claims, Continued

**Mediation/**
**Arbitration**

For Mediation or Arbitration, the following claims may be brought (see CO No. H103A for more details):

- Any employment-related claim against the company, its affiliates, its agents, or any of its employees, acting in the course and scope of their employment, that the employee could bring in a court under applicable law, including those claims otherwise excluded from the Administrative Officer and Management Appeals Committee Review steps, but excluding claims:
  - for workers' compensation benefits;
  - for unemployment insurance benefits;
  - involving an employee's tax withholdings;
  - that are within the exclusive jurisdiction of the National Labor Relations Board;
  - for benefits under an Employee Benefits Plan, the terms of which contain an arbitration or ERISA claims procedure, in which case the provisions of that plan will apply.

- Any claim by the company against an employee that the company could bring in a court under applicable law, such as:
  - claims for return of property or monies owed the company; or
  - claims involving prohibited competition or the unauthorized disclosure of trade secrets or confidential information, provided, however, that the company specifically retains the right to seek temporary or preliminary injunctive relief from a court otherwise having jurisdiction over such claims, pending the arbitrator's determination of the merits of the claims.

**Exhibit A**
**13**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 6 of 16
30 January 2004

## Time Limits for Filing Claims

| | |
|---|---|
| **In This Section** | This section discusses the time limits for submitting claims within the Dispute Resolution Process. |
| **Informal Review** | There is no time limit for bringing claims to the Informal Review step, but employees are encouraged to bring any issues forward as soon as they become aware of them. |
| **Administrative Officer Review** | Claims must be submitted to Human Resources within 30 calendar days of the event on which the claim is based or within 30 calendar days of when the employee first became aware of the event. |
| **Management Appeals Committee** | Claims may be brought to the Management Appeals Committee only after having gone through the Administrative Officer Review, unless waived by Human Resources, and must be appealed to the Committee within 10 calendar days after delivery to the employee of the written decision of the Administrative Officer. |
| **Mediation/ Arbitration** | Claims by employees must be received by the Office of the General Counsel within the time period available under the applicable legal statute of limitations for the event, or knowledge of the event, giving rise to the claims. **An employee who fails to file a Request for Mediation or a Demand for Arbitration within the applicable legal statute of limitations period waives his or her right to pursue the claim(s).** |
| | Claims by the company must be served on the employee within the time period available under the applicable legal statute of limitations for the event, or company knowledge of the event, giving rise to the claim. **If the company fails to serve a Request for Mediation or a Demand for Arbitration within the applicable legal statute of limitations period, the company waives its right to pursue the claim(s).** |
| | Note: See CO No. H103A for more details on these steps. |

*Continued on next page*

**Exhibit A**
**14**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 7 of 16
30 January 2004

## Time Limits for Filing Claims, Continued

**Mediation/**
**Arbitration**
**(continued)**

Employees are encouraged but not required to use the first three progressive steps in the Dispute Resolution Process. The company hopes and expects that most claims by employees will be resolved swiftly in the first steps without the need to proceed to mediation and/or arbitration. Use of these less formal steps, however, will not stop the time running on the filing of a formal Request for Mediation or Demand for Arbitration. Whether or not an employee chooses to use the first three steps, that employee must be sure, in order to preserve and pursue the his or her claim(s), to serve a Request for Mediation or Demand for Arbitration within the time period available under the applicable statute of limitations for the event, or knowledge of the event, giving rise to the claim. Otherwise, the claim will be lost forever.

**Exhibit A**
**15**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 8 of 16
30 January 2004

## Informal Review

| In This Section | This section provides the steps in the Informal Review. |

| Informal Review | Employees and managers are encouraged to keep open communications with each other and work through any employment-related issues should they arise. In the event they are unable to resolve a workplace issue, Human Resources is available to assist. |

| Process | The table below sets forth the process for the Informal Review, the first progressive step in the Dispute Resolution Process. |

| Responsibility/ Step | Action |
| --- | --- |
| Employee 1 | Contact the Human Resources representative at any time to discuss any claim or issue that arises in the workplace. |
| Human Resources 2 | Listen to employee's issues and discuss ways of addressing. Meet with employee's management if employee requests or if necessary to resolve the issue. |

Exhibit A
16

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 9 of 16
30 January 2004

# Administrative Officer Review

| | |
|---|---|
| **In This Section** | This section provides the steps in the Administrative Officer Review. |
| **Selection of Administrative Officer** | The Administrative Officer is selected by Human Resources and is typically the next level manager in the employee's functional area that did not participate in the decision process that is being challenged by the employee. |
| **Process** | The table below sets forth the process for an Administrative Officer Review, the second progressive step in the Dispute Resolution Process. |

| Responsibility/ Step | Action |
|---|---|
| Employee 1 | Submit signed and dated formal claim to Human Resources department within 30 calendar days of the event on which the claim is based or within 30 calendar days of when the employee first became aware of the event. Ensure the claim is stated in a clear and concise manner. Note: Form C-604, Formal Request for Administrative Officer Review, may be used for this purpose. |
| Human Resources 2 | Forward a copy of signed and dated formal claim to each of the following:<br>• employee<br>• employee's manager<br>• proper Administrative Officer<br><br>Retain a copy for file. |
| 3 | Arrange for the employee to meet with the Administrative Officer, i.e., the manager of the manager responsible for the event giving rise to the claim, in an effort to present and discuss the claim. |

*Continued on next page*

**Exhibit A**
**17**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 10 of 16
30 January 2004

# Administrative Officer Review, Continued

**Process** (continued)

| Responsibility/ Step | Action |
|---|---|
| Administrative Officer<br><br>4 | Meet separately with the responsible manager.<br><br>Meet with the employee and manager together if deemed appropriate.<br><br>Meet with and/or interview others if appropriate prior to making a decision.<br><br>Note: Human Resources should be in attendance in each of the above meetings. |
| 5 | If the matter is not satisfactorily resolved in the conference, issue a decision within 10 working days of completing the review and forward a copy of the decision to each of the following:<br>• employee<br>• employee's manager<br>• Human Resources representative<br><br>Retain a copy for file. |

Exhibit A
18

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 11 of 16
30 January 2004

# Management Appeals Committee

**In This Section**   This section provides the steps to appeal to the Management Appeals Committee.

**Management Appeals Committee**   An employee who is not satisfied with the decision rendered during the Administrative Officer Review may appeal the decision to the Management Appeals Committee within 10 calendar days after the employee's receipt of the decision.

Human Resources designates three members of the Management Appeals Committee typically comprised of:
• employee's functional vice president, or designee
• site Human Resources manager, or designee
• sector Human Resources vice president, or designee
Note:  There must be at least one vice president on the Committee.

An employee who does not appeal an Administrative Officer decision in a timely manner forfeits the right to have the appeal heard by the Management Appeals Committee.  The employee may, however, still proceed with the claim to mediation/arbitration so long as the Office of the General Counsel receives a Request for Mediation or Demand for Arbitration within the applicable statute of limitations.

**Process**   The table below sets forth the process for a Management Appeals Committee review, the third progressive step in the Dispute Resolution Process.

| Responsibility/ Step | Action |
|---|---|
| Employee 1 | Consult with Human Resources for assistance in preparing a Notice of Appeal.  Ensure the appeal is stated in a clear and concise manner.  Note:  Form C-605, Notice of Appeal to the Management Appeals Committee, may be used for this purpose. |
| 2 | Submit signed and dated Notice of Appeal to the Management Appeals Committee and the Human Resources department within 10 calendar days after receiving the Administrative Officer's decision. |

*Continued on next page*

**Exhibit A**
**19**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 12 of 16
30 January 2004

# Management Appeals Committee, Continued

**Process** (continued)

| Responsibility/Step | Action |
|---|---|
| Human Resources<br>3 | Designate three members for the Management Appeals Committee.<br><br>Forward a copy of the Notice of Appeal to the Management Appeals Committee and any documents relevant to the proceeding to each committee member. |
| Employee; Management Appeals Committee<br>4 | Attend appeal meeting to discuss the claim and reach resolution.<br><u>Note</u>:  Human Resources should be in attendance during the appeal meeting. |
| Management Appeals Committee<br>5 | Meet separately with any individuals who may have information relevant to the claim. |
| 6 | Issue a decision in writing within 10 working days after the review is completed. |
| Human Resources<br>7 | Forward a signed copy of the decision to each of the following:<br>• employee<br>• employee's manager<br><br>Retain a copy for file. |

**Exhibit A**
**20**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 13 of 16
30 January 2004

# Mediation/Arbitration – General Information

| | |
|---|---|
| **In This Section** | This section provides general information about mediation and arbitration. |
| **General** | Mediation is a process by which an outside professional mediator seeks to assist the parties in arriving at a mutually agreeable resolution of the claim(s). |

Arbitration is a process by which an outside professional arbitrator hears evidence and argument and makes a binding ruling on the claim(s). Arbitration is a substitute for a court trial before a judge or jury.

An employee who is not satisfied with the decision of the Management Appeals Committee may appeal the decision by submitting to the Office of the General Counsel, personally or by certified or registered mail return receipt requested, one of the following:
- a Request for Mediation. <u>Note</u>: <u>Form C-606</u>, Request for Mediation, may be used for this purpose.
- a Demand for Arbitration. <u>Note</u>: <u>Form C-607</u>, Demand for Arbitration, may be used for this purpose.

Whether or not an employee uses any of the first three steps to pursue a claim, the employee must submit a Request for Mediation or a Demand for Arbitration within the time period available under the applicable legal statute of limitations for the event, or knowledge of the event, giving rise to the claim. **An employee who fails to file a Request for Mediation or Demand for Arbitration within the applicable legal statute of limitations waives his or her right to pursue the claim(s).**

The company must serve on the employee a Request for Mediation or a Demand for Arbitration for any claim it has against an employee within the time period available under the applicable legal statute of limitations for the event, or company knowledge of the event, giving rise to the claim. If the company fails to serve a Request for Mediation or a Demand for Arbitration within the applicable legal statute of limitations, it waives its right to pursue the claim(s).

*Continued on next page*

**Exhibit A**
**21**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 14 of 16
30 January 2004

## Mediation/Arbitration – General Information, Continued

**General**

Either the company or the employee can choose not to mediate any claim and proceed directly to the arbitration process.

- If the parties elect to mediate, and the mediation is unsuccessful, the initiating party must file a Demand for Arbitration within 60 calendar days of the last day of formal mediation. **Failure to do so will result in that party waiving the claim(s).**

- If no mediation occurs, the initiating party must file a Demand for Arbitration within the time period available under the applicable statute of limitations for the event, or knowledge of the event, giving rise to the claim. **Failure to do so will result in that party waiving the claim(s).**

**Additional Guidelines**

Each employee is advised to read the Mediation/Arbitration Process Guide (see CO No. H103A) carefully since failure to comply with certain requirements contained in it may result in an employee forfeiting important rights, including the ability to pursue a claim.

**Exhibit A**
**22**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 15 of 16
30 January 2004

## Mediation

**In This Section**   This section provides a general overview of the mediation process.

**Process**   The table below sets forth the process for mediation, the fourth progressive step in the Dispute Resolution Process.  Refer to CO No. H103A for more details.

| Responsibility/ Step | Action |
|---|---|
| Employee; Law Department 1 | Submit a signed and dated Request for Mediation to the Office of the General Counsel, 1840 Century Park East, Los Angeles, CA 90067 or serve a signed and dated Request for Mediation on the employee.<br>Note:  Form C-606, Request for Mediation, may be used for this purpose. |
| 2 | Choose a mediator pursuant to the procedures set forth in CO No. H103A.<br><br>Note:  The mediator schedules a mediation conference at a time convenient to all parties. |
| 3 | If the parties are unable to resolve the claim through mediation and want to pursue the claim, proceed to the final and binding, mandatory arbitration step. |

**Exhibit A**
**23**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 16 of 16
30 January 2004

# Arbitration

**In This Section**   This section provides a general overview of the arbitration process.

**Arbitration**   Final and binding arbitration is a substitute for court litigation. Both employees and the company are bound, subject to very narrow exceptions noted in the Dispute Resolution Process, to pursue any claims in arbitration rather than before a court or jury.

Any Demand for Arbitration must be filed:
- within the time period available under the applicable legal statute of limitations for the event, or knowledge of the event, giving rise to the claim, or
- if a Request for Mediation is timely filed and a mediation occurs, within 60 days of the last day of formal mediation, or
- if a Request for Mediation is timely filed but mediation is refused, within 60 days of the date of the refusal.

**Failure to do so will result in wavier of the claim(s).**

**Process**   The table below provides a general overview of the arbitration process, the fifth and final progressive step in the Dispute Resolution Process. Refer to CO No. H103A for more details.

| Responsibility/ Step | Action |
|---|---|
| Employee; Law Department 1 | Submit a signed and dated Demand For Arbitration to the Office of the General Counsel, 1840 Century Park East, Los Angeles, CA 90067 or serve a signed and dated Demand For Arbitration on the employee. Note: Form C-607, Demand for Arbitration, may be used for this purpose. |
| 2 | Choose an arbitrator pursuant to the requirements set forth in CO No. H103A. |
| 3 | Arbitrate the claim pursuant to the procedures set forth in CO No. H103A. Note: The arbitrator issues a written, final and binding decision on the claim. |

Issued by: Corporate Command Media (90/132/CC)

Exhibit A
24

| *NORTHROP GRUMMAN* | | CO NO. H103A |
|---|---|---|
| **CORPORATE PROCEDURE** | | PAGE 1 of 9 |
| **Subject:** EMPLOYEES MEDIATION/ARBITRATION PROCESS GUIDE | | DATE 30 January 2004 |
| | | SUPERSEDES None |
| AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY. VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE. | | REVISION New |

**Process Owner**      Director of Employee Relations

**In This Attachment**      This attachment provides the guidelines and requirements for mediation and arbitration as set forth in CO No. H103, Dispute Resolution Process.

**Forms**      The following Corporate Forms may be used in the Dispute Resolution Process:
- Form C-604, Formal Request for Administrative Officer Review
- Form C-605, Notice of Appeal to the Management Appeals Committee
- Form C-606, Request For Mediation
- Form C-607, Demand For Arbitration

**General**      This document serves as Guide to the arbitration and mediation process set forth in CO H103. Employees should read this document carefully to ensure a full understanding of the process, their rights, and the company's rights. Employees should refer any questions about these processes to the company element Human Resources department or the Law Department.

**Claims Covered**      Except as otherwise provided in the Dispute Resolution Process and this Guide, effective 10 May 2004, you and the company are obligated to resolve by private mediation and/or final and binding arbitration all claims or controversies, past, present or future, for which a court otherwise would be authorized by law to grant relief, in any way arising out of, relating to, or associated with:
- your employment with the company or the termination of your employment;
- that the company may have against you; or
- that you may have:
  - against the company,
  - against any of its subsidiaries,
  - against any of its affiliates,
  - against any of its agents or employees (acting in the course and scope of their employment), and any or all of their respective successors and assigns.

*Continued on next page*

**Exhibit A**
**25**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 2 of 9
30 January 2004

**Claims Covered**
**(continued)**

The claims covered by the Dispute Resolution Process and this Guide include,
but are not limited to claims for:

- wages or other compensation due;
- breach of any contract or covenant, express or implied;
- personal injury, defamation, or other tort claims, except to the extent any
  such claim would be covered under applicable workers' compensation law;
- discrimination or harassment, including but not limited to discrimination or
  harassment based on race, sex, religion, national origin, age, disability, or
  any other status as protected and defined by applicable law;
- unlawful retaliation;
- benefits, except as excluded in the Claims Not Covered section of this
  procedure; and
- violation of any applicable federal or state law, statute, ordinance, or
  regulation.

The obligation to follow the Dispute Resolution Process and this Guide
survives your employment relationship with the company and applies to any
claim whether it arises or is asserted during or after termination of your
employment with the company.

Except as otherwise provided in the Dispute Resolution Process and this
Guide, neither you nor the company will initiate or pursue any lawsuit or
administrative action in any way related to or arising from any claim covered
by the Dispute Resolution Process or this Guide.  You may, however, file an
administrative charge with a government agency although the filing of a
charge is not required to exhaust your remedies under the Dispute Resolution
Process or this Guide.  **Under this Dispute Resolution Process, you and the
company waive your right to have the company's or your claim(s)
decided by a court or jury.**

**Claims Not**
**Covered**

Neither the Dispute Resolution Process nor this Guide applies to or covers
claims:

- for workers' compensation benefits;
- for unemployment insurance benefits;
- involving an employee's tax withholdings;
- covered under the National Labor Relations Act that are within the
  exclusive jurisdiction of the National Labor Relations Board; and
- for benefits under an Employee Benefits Plan, the terms of which contain an
  arbitration or ERISA claims procedure, in which case the provisions of that
  plan will apply.

*Continued on next page*

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 3 of 9
30 January 2004

**Timely Notice**

You must file a Request for Mediation or a Demand for Arbitration (Note: Form C-606 or Form C-607 may be used for this purpose) within the time period available under the applicable legal statute of limitations for the event, or knowledge of the event, giving rise to the claim.  You must deliver your Request for Mediation or Demand for Arbitration personally or send it by certified or registered mail, return receipt requested to the Office of the General Counsel, 1840 Century Park East, Los Angeles, CA 90067.

The company must personally serve on you or send by certified or registered mail, return receipt requested to the last address recorded in your personnel file, any claim it has against you along with a Request for Mediation or Demand for Arbitration.  The company must serve the claim and its Request for Mediation or Demand for Arbitration within the time period available under the applicable legal statute of limitations for the event, or knowledge of the event, giving rise to the claim.

Service is complete upon personal delivery or upon mailing as specified.  **If you fail to serve timely a Request for Mediation or Demand for Arbitration in the manner described above, you will waive the claim and it will forever be lost.  Note:  This time limit for filing and waiver of a claim apply whether or not you choose to use the first two (optional) steps of the Dispute Resolution Process.**

**Likewise, if the company fails to serve timely its claim along with a Request For Mediation or a Demand For Arbitration in the manner described above, the company will waive the claim and it will forever be lost.**

**Mediation Procedures**

Either you or the company may elect not to mediate the claim.  If either party chooses to bypass mediation, or in the event that mediation fails to resolve the claim and the complaining party wishes to pursue the claim, the parties must arbitrate the claim following the arbitration procedures set forth in the Dispute Resolution Process and this Guide.   In the event that both parties agree to mediation, the following procedures must be followed.

*Continued on next page*

Exhibit A
27

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 4 of 9
30 January 2004

| | |
|---|---|
| **Mediation Procedures (continued)** | Once you or the company serves a Request for Mediation, you and the company's representative will confer to select a mediator. |

- If you and the company are not able to agree on a mediator within 48 hours after conferring for that purpose, or if no conference occurs within 30 calendar days following service of the Request for Mediation, you and the company will select a mediator by alternate striking from a list of mediators supplied by an outside source, either the Judicial Arbitration and Mediation Service (JAMS) or the American Arbitration Association (AAA).
- The party who did not initiate the claim can choose between JAMS or AAA (the "Tribunal").
- If there is a name on the list acceptable to both parties, that person is selected as the mediator.
- If there is no person on the list acceptable to both parties, then a second list will be requested. If there is a name on the list acceptable to both parties, that person is selected as the mediator.
- If there is still no person on the list acceptable to both parties, then a third list will be requested. If there is a name on the list acceptable to both parties, that person is selected as the mediator.
- If there is still no person on the list acceptable to both parties, the parties shall strike names alternately from that list until only one name remains. A coin flip will determine which party shall strike first, with the employee calling "heads" or "tails."

Once the mediator is selected, he or she will schedule a mediation conference at a time convenient to all parties. All matters of procedure, the location, and the conduct of the conference will be determined by the mediator. The mediator will guide the discussion and try to help you and the company to work out our differences.

The company pays all the costs of mediation. You may elect to use a representative, including an attorney, at your own expense. The company is represented through the Law Department.

**If the parties elect to mediate, and in the event that the mediation is unsuccessful, the initiating party must serve a Demand for Arbitration within 60 calendar days of the last day of formal mediation. Failure to do so will result in that party waiving the claim(s).**

*Continued on next page*

**Exhibit A**
**28**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 5 of 9
30 January 2004

| | |
|---|---|
| **Arbitration Procedures** | A Demand for Arbitration must be served to preserve any claims. In order to be timely, you must serve a Demand for Arbitration: |

- within the time period available under the applicable legal statute of limitations for the event, or knowledge of the event, giving rise to the claim; or

- if a Request for Mediation is timely filed and a mediation occurs, within 60 days of the last day of formal mediation; or

- if a Request for Mediation is timely filed but mediation is refused, within 60 days of the date of refusal.

**If you fail to serve your Demand for Arbitration timely, you will waive your claim(s).**

The company must serve its Demand For Arbitration within the time period available under the applicable statute of limitations for the event or knowledge of the event. **If it fails to do so, the company will waive its claim(s).**

The expense of the arbitrator will be borne entirely by the company. Either party may request the use of a court reporter to be used during the proceedings, at the requesting party's own expense. You may elect to use a representative, including an attorney, at your own expense. The company will be represented through the Law Department.

Once you or the company serves a Demand for Arbitration, you and the company's representative will confer to select an arbitrator.

- If you and the company are not able to agree on the arbitrator within 48 hours after conferring for that purpose, or if no conference occurs within 30 calendar days following service of the Request for Arbitration, you and the company will select the arbitrator by alternate striking from a list of arbitrators supplied by the Tribunal. The party who did not initiate the claim can choose the Tribunal.

- If there is a name on the list acceptable to both parties, that person is selected as the arbitrator.

*Continued on next page*

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 6 of 9
30 January 2004

**Arbitration
Procedures
(continued)**

- If there is no person on the list acceptable to both parties, then a second list will be requested. If there is a name on the list acceptable to both parties, that person is selected as the arbitrator.

- If there is still no person on the list acceptable to both parties, then a third list will be requested. If there is a name on the list acceptable to both parties, that person is selected as the arbitrator.

- If there is still no person on the list acceptable to both parties, the parties shall strike names alternately from that list until only one remains. A coin flip will determine which party shall strike first, with you calling "heads" or "tails."

The arbitrator will schedule a hearing at a time convenient to all parties. All matters of procedure, arbitrability of the issues, the location, and the conduct of the hearing are determined by the arbitrator, provided, however, that, unless you and the company agree otherwise, the hearing will be held in the city where the work location to which you are or were principally assigned is located.

Except to the extent they are inconsistent with the terms of the Dispute Resolution Process and/or Guide, the arbitrator will apply the arbitration provisions of the Tribunal's then-current Arbitration Rules and Procedures for Employment Disputes (or equivalent). The arbitrator may apply the Tribunal's Optional Rules for Emergency Protection (or equivalent) when the arbitrator decides those rules are appropriate. The arbitrator will issue a written opinion describing, however briefly, the essential findings and conclusions upon which the arbitrator's award is based. The arbitrator will serve the award by mail on you and the company.

The arbitrator has jurisdiction to hear and rule on prehearing disputes and is authorized to hold prehearing conferences by telephone or in person, as the arbitrator deems advisable. The arbitrator is <u>not</u> authorized to entertain and rule on motions to dismiss and/or summary judgment by any party. The arbitrator may, however, bifurcate the proceedings in order to rule first on whether the claim(s) before him or her is (are) arbitrable. For example, the arbitrator may hold a hearing solely to determine whether a claim was filed timely. If the arbitrator determines that the claim is untimely, the arbitrator may deny the claim and end the proceedings.

*Continued on next page*

**Exhibit A
30**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 7 of 9
30 January 2004

**Arbitration
Procedures
(continued**

As noted above, the company will pay the arbitrator's fees and arbitration
expenses and any other costs associated with the arbitration hearing,
provided, however, that each side bears its own deposition, witness, expert,
and attorneys' fees and other expenses as and to the same extent as if the
matter were being heard in court.  If, however, any party prevails on a
statutory claim, which (if brought in court) affords the prevailing party
attorneys' fees and/or costs, then the arbitrator may award reasonable fees
and/or costs to the prevailing party.  The arbitrator will resolve any dispute as
to who is the prevailing party and as to the reasonableness of any fee or cost.

The decision of the arbitrator will be final and binding upon you and the
company.  Where a specific contract, company rule, or company policy is at
issue, except to the extent it is contrary to applicable law, the arbitrator will
have no power to alter, amend, change, add to, or subtract from any
provisions of such contract or company rule or policy, but will determine only
whether or not there has been a violation of the contract, rule, or policy in the
respect alleged in the claim.  The decision of the arbitrator is based only upon
the evidence and arguments presented to him or her by the respective parties
in the presence of each other.

The arbitrator will not have authority (and will not consider it his or her
function) to decide any issue not submitted or, except to the extent they are
contrary to applicable law, to interpret or apply the company rules or policies
as to change what can fairly be said to have been the intent of the company.
Past practice of the company in interpreting or applying terms of the company
rules or policies may be relevant evidence, but will not be used to justify, or
result in, what is in effect a modification (whether by addition or subtraction)
of the written terms of the company's rules or policies.

The arbitrator may provide any remedy that could be awarded by a court,
including, for example, back pay, compensatory damages, injunctive relief,
and punitive damages.

*Continued on next page*

**Exhibit A
31**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 8 of 9
30 January 2004

| | |
|---|---|
| **Discovery** | Each party is permitted to take up to three (3) fact depositions, and make one (1) request for production of documents. The parties are required to exchange a list of witnesses and documents to be used as exhibits prior to the arbitration hearing. Interrogatories and requests for admission may not be used unless so ordered by the arbitrator upon specific request by one of the parties. Any dispute regarding discovery, or the relevance or scope thereof, will be determined by the arbitrator, which determination will be conclusive. At the request of a party, the arbitrator will have the discretion to order additional discovery to the extent the arbitrator deems such additional discovery relevant and appropriate to ensure, in the judgment of the arbitrator, that the requesting party has a fair opportunity to present that party's position on the claim. |
| **Confidentiality** | Except as may be necessary to enter judgment upon the award or to the extent required by applicable law, all claims, defenses, and proceedings, including, without limiting the generality of the foregoing, the existence of a controversy and the fact that there is a mediation or an arbitration proceeding, will be treated in a confidential manner by the mediator, the arbitrator, the parties, and their counsel, each of their agents and employees, and all others acting on behalf of or in concert with them. Without limiting the generality of the foregoing, no one will divulge to any third party or person not directly involved in the mediation or arbitration the content of the pleadings, papers, orders, hearings, trials, or awards in the arbitration, except as may be necessary to enter judgment upon the arbitrator's award as required by applicable law. Any controversy relating to the mediation or the arbitration, including, without limiting the generality of the foregoing, to prevent or compel arbitration or to confirm, correct, vacate, or otherwise enforce an arbitration award, will be filed under seal with the court, to the extent permitted by law. |
| **Final Decision** | The decision of the arbitrator is final and binding. A reviewing court may only confirm, correct, or vacate an award in accordance with the standards set forth in the Federal Arbitration Act, 9 U.S.C. §§ 1-16. |

*Continued on next page*

**Exhibit A**
**32**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 9 of 9
30 January 2004

**Employment At-Will**

Neither the Dispute Resolution Process nor this Guide creates or will be construed to create a contract of employment, express or implied.  They also do not alter the at-will nature of employment.  Any employees of the company that are employed at-will, will remain employed at-will.

**Severability**

In the event any court finds any portion of the Dispute Resolution Process or this Guide unenforceable, the unenforceable section(s) or provision(s) will be severed from the rest, and the section(s) or provisions(s) will be otherwise enforced as written.

Issued by:  Corporate Command Media (90/132/CC)

# EXHIBIT B

| NORTHROP GRUMMAN | CO NO. | H103 |
|---|---|---|
| **CORPORATE PROCEDURE** | PAGE | 1   of   14 |
| Subject:   **DISPUTE RESOLUTION PROCESS** | DATE | 15 September 2006 |
| | SUPERSEDES | 30 January 2004 |
| AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY. VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE. | REVISION | General |

## Overview

**Process Owner**   Director of Employment and Workforce Relations

**Purpose**   This procedure describes Northrop Grumman's Dispute Resolution Process.

**Applicable To**   This Dispute Resolution Process covers all employees of Northrop Grumman, its subsidiaries, and its other affiliated entities, who are employed on or after 1 November 2006, except the following individuals:

- applicants not yet employed
- employees represented by a labor union
- employees not covered by U.S. law

**In This Procedure**   This procedure contains the following sections:
- Overview
- Covered Claims
- Time Limits for Filing Claims
- Informal Review
- Administrative Officer Review
- Management Appeals Committee
- Mediation/Arbitration – General Information
- Mediation
- Arbitration

*Continued on next page*

**Exhibit B**
**35**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 2 of 14
15 September 2006

## Overview, Continued

| | |
|---|---|
| **Forms** | The following Corporate forms may be used in the Dispute Resolution Process:<br>• Form C-604, Formal Request for Administrative Officer Review<br>• Form C-605, Notice of Appeal to the Management Appeals Committee<br>• Form C-606, Request For Mediation<br>• Form C-607, Demand For Arbitration |
| **General** | Northrop Grumman values employees as its most important resource and places a high priority on ensuring fair and consistent treatment (see CP No. H1, Human Resources).  The company is committed to creating an environment of mutual trust and professionalism where problems can be fairly resolved through an interactive process that encourages better communication at all levels.<br><br>Employees are encouraged to work with their management to achieve resolution concerning any problems impacting the employee's work. Employees needing additional assistance should contact their Human Resources representative for advice and assistance regarding any work-related issues. |

*Continued on next page*

**Exhibit B**
**36**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 3 of 14
15 September 2006

**Dispute Resolution Process**

The Dispute Resolution Process includes five possible processes for resolving employee disputes:

- Informal Review
- Administrative Officer Review
- Management Appeals Committee
- Mediation
- Arbitration

The details of the Informal Review, Administrative Officer Review, and Management Appeals Committee processes are presented in the sections that follow.  Details regarding Mediation and Arbitration processes are set forth in CO No. H103A.

Employees are encouraged, but not required, to use the Informal Review, Administrative Officer Review, and Management Appeals Committee processes in the Dispute Resolution Process.  The company hopes and expects that most claims by employees will be resolved swiftly by using these first three internal processes, without the need to proceed to mediation and/or arbitration.  Use of these less formal, internal processes, however, does not stop the time running on the filing of a formal Demand for Arbitration.  In order to preserve the right to pursue a claim through arbitration, a Demand for Arbitration must be made within the same time period which would apply if the employee were to bring that claim in court.  Failure to make a timely Demand for Arbitration may result in the claim being lost forever.

**By accepting or continuing employment on or after 1 November 2006, all covered employees agree to submit any covered disputes to binding arbitration, rather than to have such disputes heard by a court or jury.**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 4 of 14
15 September 2006

**Process Flowchart**

Below is a flowchart of the dispute resolution process.



AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 5 of 14
15 September 2006

# Covered Claims

| | |
|---|---|
| **In This Section** | This section discusses the types of claims that can be brought through the Dispute Resolution Process. |
| **Informal Review** | In the Informal Review process, employees may raise any issue that arises in the workplace, including claims excluded from the Administrative Officer Review and the Management Appeals Committee processes. |
| **Administrative Officer Review/ Management Appeals Committee** | For the Administrative Officer Review and Management Appeals Committee processes, the only claims which may be brought are claims alleging that a specific employment action, such as layoff, demotion, discipline, or termination, violated a specific applicable company policy.<br><br>The Administrative Officer Review and Management Appeals Committee processes are not available to address claims involving:<br><br>• Informal letters, memos, or verbal counseling, or other actions taken pursuant to management's right and discretion in counseling.<br>• Actions taken in reviewing or documenting an employee's performance.<br>• Decisions regarding the amount or effective date of pay adjustments.<br>• Actions taken in establishing or changing business and personnel policies, procedures, or practices.<br><br>Human Resources is responsible for interpreting these guidelines. If an employee submits a claim for Administrative Officer Review and that claim is not eligible for such review under these guidelines, Human Resources notifies the employee. |
| **Mediation/ Arbitration** | For a description of the claims which may be brought through the Mediation or Arbitration processes, see CO No. H103A. |

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 6 of 14
15 September 2006

# Time Limits for Filing Claims

| | |
|---|---|
| **In This Section** | This section discusses the time limits for submitting claims within the Dispute Resolution Process. |
| **Informal Review** | There is no time limit for bringing claims to the Informal Review process, but employees are encouraged to bring any issues forward as soon as they become aware of them. |
| **Administrative Officer Review** | Claims must be submitted to Human Resources within 30 calendar days of the event on which the claim is based or within 30 calendar days of when the employee first became aware of the event. |
| **Management Appeals Committee** | Claims may be brought to the Management Appeals Committee only after having gone through the Administrative Officer Review, unless waived by Human Resources, and must be appealed to the Committee within 10 calendar days after delivery to the employee of the written decision of the Administrative Officer. |
| **Mediation/ Arbitration** | For the time limitations for submitting claims to the Mediation and/or Arbitration processes, see CO No. H103A. |
| | Note: In order to preserve the right to pursue a claim through arbitration, a Demand for Arbitration must be made within the same time period which would apply if the employee were to bring that claim in court. Failure to make a timely Demand for Arbitration may result in the claim being lost forever. |

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 7 of 14
15 September 2006

## Informal Review

| In This Section | This section describes the steps in the Informal Review process. |

| Informal Review | Employees and managers are encouraged to keep open communications with each other and work through any employment-related issues should they arise. In the event they are unable to resolve a workplace issue, Human Resources is available to assist. |

**Process**  The table below sets forth the process for the Informal Review.

| Responsibility/ Step | Action |
|---|---|
| Employee 1 | Contact the Human Resources representative at any time to discuss any claim or issue that arises in the workplace. |
| Human Resources 2 | Listen to employee's issues and discuss ways of addressing.<br><br>Meet with employee's management if employee requests or if necessary to resolve the issue. |

**Exhibit B**
**41**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 8 of 14
15 September 2006

# Administrative Officer Review

**In This Section**   This section describes the steps in the Administrative Officer Review process.

**Selection of Administrative Officer**   The Administrative Officer is selected by Human Resources and is typically the next-level manager in the employee's functional area that did not participate in the decision that is being challenged by the employee.

**Process**   The table below sets forth the process for an Administrative Officer Review.

| Responsibility/ Step | Action |
|---|---|
| Employee 1 | Submit signed and dated formal claim to Human Resources within 30 calendar days of the event on which the claim is based, or within 30 calendar days of when the employee first became aware of the event. Ensure the claim is stated in a clear and concise manner. <u>Note</u>: <u>Form C-604</u>, Formal Request for Administrative Officer Review, may be used for this purpose. |
| Human Resources 2 | Select the Administrative Officer. Forward a copy of signed and dated formal claim to each of the following:<br>• employee<br>• employee's manager<br>• Administrative Officer<br><br>Retain a copy for file. |
| 3 | Arrange for the employee to meet with the Administrative Officer to present and discuss the claim. |

*Continued on next page*

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 9 of 14
15 September 2006

## Administrative Officer Review, Continued

**Process** (continued)

| Responsibility/ Step | Action |
|---|---|
| Administrative Officer 4 | Meet separately with the responsible manager. |
| | Meet with the employee and manager together, if deemed appropriate. |
| | Meet with others and/or gather additional relevant information, if deemed appropriate. |
| | Note: Human Resources is generally in attendance at each of the above meetings, and is available to assist the Administrative Officer in gathering relevant information. |
| 5 | Schedule a conference with the employee to discuss possible resolution of the matter. |
| 6 | If the matter is not satisfactorily resolved in the conference, issue a decision within 10 working days of completing the review and forward a copy of the decision to each of the following: <br> • employee <br> • employee's manager <br> • Human Resources representative <br><br> Retain a copy for file. |

**Exhibit B**
**43**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 10 of 14
15 September 2006

# Management Appeals Committee

| | |
|---|---|
| **In This Section** | This section describes the steps to appeal to the Management Appeals Committee. |
| **Management Appeals Committee** | An employee who is not satisfied with the decision rendered during the Administrative Officer Review may appeal the decision to the Management Appeals Committee within 10 calendar days after delivery to the employee of the written decision of the Administrative Officer.<br><br>Human Resources designates three members of the Management Appeals Committee, which is typically comprised of:<br>• employee's functional vice president or designee<br>• site Human Resources manager or designee<br>• sector Human Resources vice president or designee<br>Note:  There must be at least one vice president on the Committee.<br><br>An employee who does not appeal an Administrative Officer decision in a timely manner forfeits the right to have the appeal heard by the Management Appeals Committee.  The employee may, however, still request mediation and/or arbitration of the claim. |
| **Process** | The table below sets forth the process for a Management Appeals Committee review. |

| Responsibility/ Step | Action |
|---|---|
| Employee 1 | Consult with Human Resources for assistance in preparing a Notice of Appeal.  Ensure the appeal is stated in a clear and concise manner.  Note:  Form C-605, Notice of Appeal to the Management Appeals Committee, may be used for this purpose. |
| 2 | Submit signed and dated "Notice of Appeal to the Management Appeals Committee" to Human Resources within 10 calendar days after receiving the Administrative Officer's decision. |

*Continued on next page*

**Exhibit B**
**44**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 11 of 14
15 September 2006

## Management Appeals Committee, Continued

Process (continued)

| Responsibility/ Step | Action |
|---|---|
| Human Resources 3 | Designate three members for the Management Appeals Committee.<br><br>Forward to each Committee member a copy of the Notice of Appeal and the Administrative Officer's written decision appealed from, along with such other documents or information as may assist the Committee in resolving the dispute. |
| Employee; Management Appeals Committee 4 | Attend appeal meeting to discuss the claim and attempt to reach resolution.<br>Note:  Human Resources is generally in attendance during the appeal meeting. |
| Management Appeals Committee 5 | Meet with others and/or gather additional relevant information, if deemed appropriate. |
| 6 | Issue a decision in writing within 10 working days after the review is completed. |
| Human Resources 7 | Forward a signed copy of the decision to each of the following:<br>• employee<br>• employee's manager<br><br>Retain a copy for file. |

**Exhibit B**
45

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 12 of 14
15 September 2006

# Mediation/Arbitration – General Information

**In This Section**  This section provides general information about mediation and arbitration. For more specific details of the mediation and arbitration processes under the Dispute Resolution Process, see CO No. H103A. The information in this section is provided to assist employees in understanding what mediation and arbitration are, and how those processes can be used to resolve disputes. This information is not part of and does not modify the processes for mediation and arbitration contained in CO No. H103A. The information in this section is not intended to be legal advice to employees, and any employee who desires to obtain legal advice should consult his or her own attorney.

**General**  Mediation is a process where an outside, impartial mediator – a person trained to help parties resolve disputes – meets with the parties and tries to bring about a voluntary and mutually agreeable resolution of the dispute.

Arbitration is a process where an outside, impartial arbitrator (who is sometimes a retired judge) hears evidence and argument and makes a binding ruling on the claim(s). Arbitration is a substitute for a court trial before a judge or jury.

An impartial mediator or arbitrator is generally selected by agreement of the parties, or by using the procedures of an outside organization which specializes in these forms of alternative dispute resolution, such as the Judicial Arbitration and Mediation Service (JAMS) or the American Arbitration Association (AAA).

Each employee is advised to read the Employee Mediation/Binding Arbitration Program (see CO No. H103A) carefully, since failure to comply with certain requirements contained in it may result in an employee forfeiting important rights, including the ability to pursue a claim.

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 13 of 14
15 September 2006

# Mediation

| | |
|---|---|
| **In This Section** | This section provides a general overview of the mediation process. |

| | |
|---|---|
| **Process** | The table below sets forth the mediation procedure.  Refer to CO No. H103A for more details. |

| Responsibility/ Step | Action |
|---|---|
| Employee; Law Department 1 | Deliver a Request for Mediation to the other party pursuant to the procedures set forth in CO No. H103A. Form C-606, Request for Mediation, may be used for this purpose. |
| 2 | If both parties agree to mediation, choose a mediator pursuant to the procedures set forth in CO No. H103A. |
| 3 | Participate in mediation conference as scheduled by the mediator. |

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 14 of 14
15 September 2006

# Arbitration

**In This Section**   This section provides a general overview of the arbitration process.

**Process**   The table below provides a general overview of the arbitration procedure.
Refer to CO No. H103A for more details.

| Responsibility/ Step | Action |
|---|---|
| Employee; Law Department 1 | Deliver a Demand For Arbitration to the other party pursuant to the procedures set forth in CO No. H103A. Note: Form C-607, Demand for Arbitration, may be used for this purpose. |
| 2 | Choose an arbitrator pursuant to the procedures set forth in CO No. H103A. |
| 3 | Arbitrate the claim pursuant to the procedures set forth in CO No. H103A. |

Issued by: Corporate Command Media (90/132/CC)

# EXHIBIT C

Exhibit C
49

**NORTHROP GRUMMAN**

| | CO NO. H103A |
|---|---|
| **CORPORATE PROCEDURE** | PAGE 1 of 11 |
| Subject: EMPLOYEE MEDIATION/BINDING ARBITRATION PROGRAM | DATE 15 September 2006 |
| | SUPERSEDES 30 January 2004 |
| AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY. VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE. | REVISION General |

| | |
|---|---|
| **Process Owner** | Director of Employment and Workforce Relations |
| **In This Procedure** | This procedure sets out the process and requirements for mediation and binding arbitration as referenced in CO No. H103, Dispute Resolution Process. |
| **Applicable To** | This Program covers all employees of Northrop Grumman, its subsidiaries, and its other affiliated entities (the "Company"), who are employed on or after 1 November 2006, except the following individuals:<br><br>• applicants not yet employed;<br>• employees represented by a labor union; and<br>• employees not covered by U.S. law.<br><br>**By accepting or continuing employment on or after 1 November 2006, all covered employees agree to submit any covered disputes to binding arbitration, rather than to have such disputes heard by a court or jury.** |
| **Forms** | The following Corporate forms may be used in the Mediation and Binding Arbitration process:<br>• Form C-606, Request For Mediation<br>• Form C-607, Demand For Arbitration |
| **General** | This document describes in further detail the mediation and binding arbitration process referenced in CO No. H103. Employees should read this document carefully to ensure a full understanding of the process, their rights, and the Company's rights. Employees should refer any questions about these processes to Human Resources at their business unit, or to the Law Department. |

*Continued on next page*

**Exhibit C**
**50**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 2 of 11
15 September 2006

**Claims Covered**    Either you or the Company are entitled to request mediation of any claim covered by this Program. Both you and the Company agree to submit all claims covered by this Program to binding arbitration, rather than to have such claims heard by a court or jury. The parties' obligation to arbitrate claims under this Program may be enforced in any court of competent jurisdiction, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, or applicable state law.

Except as expressly provided below, this Program covers and applies to any claim, controversy, or dispute, past, present, or future:
- which in any way arises out of, relates to, or is associated with your employment with the Company, the termination of your employment, or any communications with third parties regarding or related to your employment; and
- as to which a court would be authorized by law to grant relief if the claim were successful.

This Program covers claims that the Company may have against you or your successors and assigns and covers claims that you may have against the Company or any of its successors and assigns. This Program also covers any claims that you may have against any agents or employees of the Company, if the Company could be liable, directly or indirectly, for such claims.

This Program does not apply to or cover claims:
- as to which an agreement to arbitrate such claims is prohibited by law;
- for workers' compensation benefits;
- for unemployment insurance benefits;
- involving an employee's tax withholdings;
- covered under the National Labor Relations Act and within the exclusive jurisdiction of the National Labor Relations Board; or
- for benefits under an Employee Benefits Plan, the terms of which contain an arbitration or ERISA claims procedure, in which case the provisions of that plan apply.

*Continued on next page*

**Exhibit C**
**51**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 3 of 11
15 September 2006

**Claims Covered**
**(continued)**

Examples of claims which are covered by this Program include, but are not limited to, claims for:

- wages or other compensation due;
- breach of any contract or covenant, express or implied;
- personal injury, defamation, or other tort claims, except to the extent any such claim would be covered under applicable workers' compensation law;
- unlawful discrimination or harassment, including but not limited to discrimination or harassment based on race, sex, religion, national origin, age, disability, or any other status as protected and defined by applicable law;
- unlawful retaliation;
- benefits, except as expressly excluded above; and
- any violation of applicable federal, state, or local law, statute, ordinance, or regulation.

The obligations set forth in this Program (both yours and the Company's) survive your employment relationship with the Company, and apply to any covered claim whether it arises or is asserted during or after termination of your employment with the Company.

By accepting or continuing employment, employees covered by this Program agree to submit any covered claims to binding arbitration, rather than to have such claims heard by a court, jury, or government agency. However, to the extent that applicable law permits the filing of a charge or complaint with a government agency notwithstanding an agreement to arbitrate, nothing in this Program shall be construed to limit your right to file such a charge or complaint with such a government agency.

If it is a legal requirement that you pursue or exhaust available remedies with a government agency before bringing a claim in court, you are **not required** to do so before demanding arbitration under this Program. The Company expressly waives any right to require you to pursue or exhaust remedies before any government agency as a condition to arbitrating covered claims under this Program.

*Continued on next page*

**Exhibit C**
**52**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE

CO No. H103A
Page 4 of 11
15 September 2006

| | |
|---|---|
| Claims Covered (continued) | To the fullest extent permitted by law in the jurisdiction where the arbitration is held and, if applicable, the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced, either party retains all rights to seek a preliminary injunction or other provisional relief to maintain the status quo pending the outcome of the arbitration.

Note that the claims covered by this Program are not identical to the claims which may be submitted to the internal dispute resolution process through the Informal Review, Administrative Officer Review, and Management Appeals Committee of the Dispute Resolution Process (see CO No. H103 for more information). |
| Mediation | Mediation is a process where an outside, impartial mediator, a person trained to help parties resolve disputes, meets with the parties and tries to bring about a voluntary and mutually agreeable resolution of the dispute. Mediation often results in the resolution of a dispute, and you are encouraged, but not required, to use mediation before demanding arbitration of a claim. However, mediation is not mandatory and either you or the Company can refuse to mediate a claim. You are encouraged, but not required, to use Form C-606, Request For Mediation, to initiate this process.

Your request for mediation should be delivered to the Office of the General Counsel, 1840 Century Park East, Los Angeles, CA 90067. If the Company makes a request for mediation to you, it will be delivered to the last address recorded in your personnel file. Any request for mediation must be in writing and should describe the dispute sufficiently for the mediator and the other party to understand the issues.

In the event that both parties agree to mediation, the following procedures will be followed:
• You (or your representative) and the Company's representative will confer to select a mediator.
• If you and the Company are not able to agree on a mediator, then the parties will select a mediator by requesting a list of mediators supplied by an outside source, either the Judicial Arbitration and Mediation Service (JAMS) or the American Arbitration Association (AAA). The party who did not initiate the mediation can choose between JAMS or AAA. |

*Continued on next page*

**Exhibit C**
**53**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 5 of 11
15 September 2006

| | |
|---|---|
| **Mediation (continued)** | • If there is a name on the list acceptable to both parties, then that person is selected as the mediator. If there is no person on the list acceptable to both parties, then the parties will strike names alternately from the list until only one name remains. A coin flip will determine which party shall strike first, with the employee calling "heads" or "tails."<br><br>• Once the mediator is selected, he or she schedules a mediation conference at a time convenient to all parties. Unless you and the Company agree otherwise, the mediation will be held in the city nearest to the work location where you are or were principally assigned. All matters of procedure, the location, and the conduct of the mediation conference will be determined by the mediator, in consultation with the parties.<br><br>Any time you spend preparing for or attending the mediation is not work time and will not be paid for by the Company.<br><br>The Company pays all the costs of mediation. Both you and the Company are entitled to use a representative, including an attorney, at the mediation. The expense of each party's representative will be the responsibility of that party. |
| **Time And Method To Demand Arbitration** | Either you or the Company may demand arbitration of a covered claim within the same time limits which would apply if that claim were brought in court. Claims which would be barred by the statute of limitations, the doctrine of laches, or other applicable law if brought in court will also be barred in any arbitration under this Program.<br><br>If the time to file a covered claim in court would run from the date that you pursue or exhaust remedies before a government agency, and you elect not to pursue or exhaust your claim before that government agency, then a demand for arbitration of such claim must be made within thirty (30) days of the last day on which a claim, charge, or complaint could have been timely filed with the government agency. |

*Continued on next page*

**Exhibit C**
**54**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE

CO No. H103A
Page 6 of 11
15 September 2006

**Time And Method To Demand Arbitration (continued)**

The time to demand arbitration will not be affected by the fact that you may choose to pursue internal dispute resolution procedures under the Informal Review, Administrative Officer Review, and Management Appeals Committee processes of the Dispute Resolution Process, or may choose to pursue mediation under this Program. However, the time to demand arbitration may be extended by mutual agreement between you and the Company, if such agreement is in writing and is signed by you and by an authorized representative of the Law Department.

In order to demand arbitration under this Program, you must deliver your demand to the Office of the General Counsel, 1840 Century Park East, Los Angeles, CA 90067. In order to demand arbitration under this Program the Company must deliver its demand to the last address recorded in your personnel file. A demand for arbitration will be deemed delivered when it is actually delivered to the address specified herein, or when it is mailed to that address by certified or registered mail, return receipt request.

Form C-607 may be used to demand arbitration, but is not required. However, a demand for arbitration must be in writing and must identify the claim or claims in dispute with the same specificity as would be required if the claim was asserted in court. If the claim is not identified or described with sufficient specificity, then the arbitrator shall have the power to require the party demanding arbitration to present a more detailed statement of the claim.

Note: If either you or the Company fail to deliver a timely Demand for Arbitration of a claim in the manner described above, the claim may be waived and forever lost.

*Continued on next page*

**Exhibit C**
**55**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 7 of 11
15 September 2006

| | |
|---|---|
| **Arbitration Procedures** | Any arbitration under this Program will be governed by those procedures which are required by law as a prerequisite to a valid and enforceable agreement to arbitrate claims in the jurisdiction where the arbitration is held and, if applicable, the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced. All such legally required procedures shall be deemed incorporated herein. To the extent that they are not inconsistent with such legally required procedures, the procedures set forth in this Program will apply. |

### Selection of Tribunal and Arbitrator

The party who did not initiate the arbitration can choose between either the JAMS or the AAA (the "Tribunal") to administer the arbitration. If the party who did not initiate the arbitration does not choose a Tribunal within twenty (20) calendar days after being served with the Demand for Arbitration, then the party who initiated the arbitration may choose the Tribunal. A Tribunal will be deemed chosen when notice of such choice is served on the other party by the same method provided herein for service of a Demand for Arbitration.

Except to the extent that they are inconsistent with those procedures which are required by law as a prerequisite to a valid and enforceable agreement to arbitrate claims in the jurisdiction where the arbitration is held and (if applicable) the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced, or are inconsistent with the express procedures set forth in this Program, the arbitrator will apply the Tribunal's then-current Arbitration Rules and Procedures for Employment Disputes, or equivalent. In other words, the arbitrator will first apply any legally required rules, which supersede all other rules if there is an inconsistency; the arbitrator will next apply the specific provisions set forth in this Program, which supersede the Tribunal's Rules if there is an inconsistency; and finally the arbitrator will apply the Tribunal's Rules. Copies of the rules of the Tribunals may be obtained through the employee's site Human Resources manager or at the websites of the AAA (www.adr.org) and/or JAMS (www.jamsadr.com). The rules and procedures required by applicable law, this Program, and the Tribunal's Rules, are referred to herein collectively as "The Arbitration Rules."

*Continued on next page*

**Exhibit C**
**56**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 8 of 11
15 September 2006

**Arbitration Procedures (continued)**

The parties will confer in an attempt to agree on a mutually acceptable arbitrator. If the parties are unable to agree on an arbitrator, then an arbitrator will be selected as follows:

- The parties request a list of proposed arbitrators. If there is a name on the list acceptable to both parties, that person will be selected as the arbitrator. If there is more than one name on the list acceptable to both parties, then the parties will each rank the mutually acceptable names in order of preference, with the person receiving the highest combined preference ranking being selected as arbitrator.
- If there is no person on the first list acceptable to both parties, then a second list will be requested from the Tribunal, and the same process will be followed as with the first list.
- If there is no person on the second list acceptable to both parties, then a third list will be requested, and the same process will be followed as with the first and second lists. If this does not result in the selection of an arbitrator then the parties shall alternately strike names from the third list until only one name remains. A coin flip will determine which party shall strike first, with the employee calling "heads" or "tails."

<u>Expenses of the Arbitration</u>

The expense of the arbitrator will be borne entirely by the Company.

Each side will be entitled to use a representative, including an attorney, at the arbitration. Each side will bear its own deposition, witness, expert, attorneys' fees, and other expenses to the same extent as if the matter were being heard in court. If, however, any party prevails on a claim, which (if brought in court) affords the prevailing party attorneys' fees and/or costs, then the arbitrator may award reasonable fees and/or costs to the prevailing party to the same extent as would apply in court. The arbitrator will resolve any dispute as to who is the prevailing party and as to the reasonableness of any fee or cost.

Either party may request that a court reporter be used during the proceedings, at the requesting party's own expense.

*Continued on next page*

**Exhibit C**
**57**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 9 of 11
15 September 2006

**Arbitration Procedures (Continued)**

Any time you spend preparing for or attending the hearing in connection with the arbitration of any claim is not work time and will not be paid for by the Company. However, if you are subpoenaed to appear as a witness in an arbitration where you are not a party, the normal Company rules applicable to paying for time spent as a witness will apply.

## Authority Of The Arbitrator

To the fullest extent permitted by law, all matters of procedure, arbitrability of the issues, the location, and the conduct of the hearing will be determined by the arbitrator, consistent with The Arbitration Rules; provided, however, that, unless you and the Company agree otherwise, the arbitration will be held in the city nearest to the work location where you are or were principally assigned.

The arbitrator will have authority to decide any disputes regarding discovery. If any party seeks to notice more than three depositions in connection with a claim, the parties shall first hold a joint meeting with the arbitrator to discuss discovery issues, limitations, and scheduling.

The arbitrator may bifurcate the proceedings in order to rule first on whether any claim presented is arbitrable. The arbitrator may also bifurcate issues of liability from issues of damages or remedy.

The arbitrator may award any remedy that could be awarded by a court, including, for example, back pay, compensatory damages, preliminary and/or permanent injunctive relief, and/or punitive damages.

## Decision of the Arbitrator

The arbitrator shall issue a written opinion stating the essential findings and conclusions upon which the arbitrator's award is based. The arbitrator shall serve the award by mail on you and the Company. The parties will jointly request that the arbitrator issue this written opinion within thirty calendar days after the close of the hearing or briefing.

The decision of the arbitrator will be final and binding upon you and the Company. A reviewing court may only confirm, correct, or vacate an award in accordance with the standards set forth in the Federal Arbitration Act, 9 U.S.C. §§ 1-16, or applicable state law.

*Continued on next page*

**Exhibit C**
**58**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 10 of 11
15 September 2006

**Class Action Claims**

To the extent it is permissible to do so in the jurisdiction where the arbitration is held and (if applicable) the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced, both you and the Company waive the right to bring any covered claim under this Program as a class action. In jurisdictions where this is permissible, the arbitrator will not have authority or jurisdiction to consolidate claims of different employees into one proceeding, nor shall the arbitrator have authority or jurisdiction to hear the arbitration as a class action.

In any jurisdiction where the class action waiver described above is not permitted by law or is not enforceable, the issue of whether to certify any alleged or putative class for a class action proceeding must be decided by a court of competent jurisdiction. The arbitrator will not have authority or jurisdiction to decide class certification issues. Until any class certification issues are decided by the court, all arbitration proceedings shall be stayed, and the arbitrator shall take no action with respect to the matter. However, once any issues regarding class certification have been decided by the court, the arbitrator will have authority to decide the substantive claims on an individual or a class basis, as may be determined and directed by the court.

**Modification of Program/ Relationship to Other Agreements**

The Company reserves the right to modify this Program; provided, however, that any future modification will not apply to claims which arose prior to the effective date of the modification. A dispute "arises" with respect to a particular claim at the time that the statute of limitations on that claim begins to run. Notwithstanding any future modification of this Program, the obligation to arbitrate covered claims as set forth herein shall continue in effect as to all claims which arose prior to the effective date of the modification, unless you and an authorized representative of the Law Department agree otherwise in writing. Nothing in this section limits the Company's right to modify any policy, procedure, or business practice other than the provisions of this Program.

*Continued on next page*

**Exhibit C**
**59**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 11 of 11
15 September 2006

| | |
|---|---|
| **Modification of Program/ Relationship to Other Agreements (continued)** | To the extent that you and the Company have previously entered into any agreement to arbitrate particular claims, such prior agreement will remain in effect notwithstanding this Program. To the extent that a particular claim is covered by an obligation to arbitrate under both this Program and such a prior agreement, the provisions of this Program shall govern any claims which arise on or after 1 November 2006, and the provisions of the prior agreement to arbitrate shall govern any claims which arose before that date. To the extent that this Program is found or held to be inapplicable to a particular claim or ineffective to require arbitration of such claim, then arbitration may be compelled under any prior agreement to arbitrate. To the extent that any prior agreement to arbitrate is found or held to be inapplicable to a particular claim or ineffective to require arbitration of such claim, then arbitration may be compelled under this Program. |
| **Employment At-Will** | Nothing in the Dispute Resolution Process (see CO No. H103) or this Program creates or shall be construed to create a contract of continued employment, express or implied, or to alter the at-will nature of any employee's employment. |
| **Severability** | In the event any court finds any portion of this Program to be unenforceable, the unenforceable section(s) or provision(s) will be severed from the rest, and the remaining section(s) or provisions(s) will be otherwise enforced as written. |

Issued by:  Corporate Command Media (90/132/CC)

**Exhibit C
60**

# EXHIBIT D

Ian V. Ziskin
Corporate Vice President
Chief Human Resources
and Administrative Officer

**NORTHROP GRUMMAN**

Northrop Grumman Corporation
1840 Century Park East
Los Angeles, California 90067-2199
Telephone 310-201-3116
Fax 310-556-4519

September 29, 2006

Dear Fellow Employee:

A workforce built on openness, trust and communication is a part of our values and is important to each of us.  It is my goal to keep you informed of key initiatives and changes.

In February of 2004, the Company established a new Dispute Resolution Process.  In doing so, the Company brought together best practices from our heritage companies to create a comprehensive problem-solving process for our employees.  Our Dispute Resolution Process has three internal steps (the Informal Process, Administrative Officer Review, Management Appeals Committee) and two external steps (Mediation and Arbitration).

We have undertaken a review of our Dispute Resolution Process.   The results of our efforts are found in two revised policies, Dispute Resolution Process (CO No. H103) and the Employee Mediation/Binding Arbitration Program (CO No. H103A), copies of which are enclosed.  These documents are also available at the Human Resources & Administration website, along with a Summary of Updates to Dispute Resolution Process, at http://wdd2web.northgrum.com/chra/.  Please take time to review both of them carefully.

**Like the previous policy, the revised Dispute Resolution Process and the Employee Mediation/Binding Arbitration Program apply to all employees of Northrop Grumman or any of its subsidiaries, except  those employees represented by labor unions, or those employees not covered by U.S. laws.  By accepting or continuing employment on or after November 1, 2006, such employees agree, as a condition of continued employment, to submit any covered claims to binding arbitration, instead of having these claims heard by a court or jury.  The Company also agrees to submit any covered claims to binding arbitration, instead of having its claims heard by a court or jury.**

If you any have any questions about dispute resolution, please direct them to your site Human Resources representative.

Ian Ziskin
Corporate Vice President
Chief Human Resources and
Administrative Officer

♻ Recycled Paper

**Exhibit D
62**

# EXHIBIT E

04:35:37 p.m.   11-02-2006   3 /3

## PROOF OF MAILING

**STATE OF California, COUNTY OF Los Angeles**

I am employed by Northrop Grumman Corporation in the county of Los Angeles, State of California . I am over the age of 18 and am not a party to any action wherein the service of the following mailings is in issue. My business address is One Hornet Way, El Segundo, Ca90245 .

On October 2, I sent the foregoing documents described as the **IAN ZISKIN ANNOUNCEMENT OF UPDATED DISPUTE RESOLUTION PROCESS; THE DISPUTE RESOLUTION PROCESS (CO NO. H103); and THE EMPLOYEE MEDIATION/BINDING ARBITRATION PROGRAM (CO NO. H103A),** to the following employees by placing a copy thereof enclosed in a sealed envelope addressed to:

    **See Attached List**

| X | **BY MAIL** |

    I caused a copy of the documents described above to be placed in a sealed envelope addressed to each of the employees identified on the attached list of mailing addresses. I also caused such envelopes with first-class postage thereon fully prepaid to be placed in the U.S. Mail at Los Angeles, California. I am readily familiar with the Company's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

    Executed on October 2, 2006, at El Segundo, California

I declare that I am employed with Northrop Grumman Corporation at whose direction the service was made. I declare under penalty of perjury under the laws of the California, and the United States of America that the foregoing is true and correct.

    Daniel T Seymour

1
PROOF OF MAILING

11/02/2006   04:11PM
**Exhibit E
64**

REDACTED

REDACTED

REDACTED

Lancaster | CA



Zinzow,Alan M



# EXHIBIT F

**NORTHROP GRUMMAN**

February 16, 2010

**Process relevant only to employees covered by U.S. law and not represented by labor unions****

**Please read this message carefully.**

To Northrop Grumman Employees,

In February 2004 the company established our Dispute Resolution Process, a comprehensive problem-solving process for our employees. It applies to all of our employees, except those represented by labor unions and those employees not covered by U.S. laws. Our Dispute Resolution Process has three internal steps (the Informal Process, Administrative Officer Review and the Management Appeals Committee) and two external steps (Mediation and Arbitration). The last revisions to this process were communicated to you in 2006.

Our process has been very effective in resolving employee problems and disputes fairly and efficiently, to the great benefit of our employees. However, in light of recent changes in federal law, we want to make you aware of a modification to the Arbitration step. Effective immediately, the following provision has been incorporated into the Employee Mediation/Binding Arbitration Program (CO No. H1O3A):

> *Under this Program, no employee is required to arbitrate any claim under Title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment, including assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention. Employees may, but are not required to, request arbitration of such claims. This paragraph is intended to implement the provisions of section 8116 of Public Law 111-118 (popularly known as the Franken Amendment), and shall be interpreted and applied consistent with the scope of the Franken Amendment and its implementing regulations. This paragraph applies to claims that arose before or after the date this Program was amended to add this paragraph.*

The revised version of CO No. H103A is available on the Command Media Web site.

If you any have any questions about dispute resolution, please contact your Human Resources business partner.

Ian Ziskin
Corporate Vice President and
Chief Human Resources and Administrative Officer

**Exhibit F
67**

# EXHIBIT G

| NORTHROP GRUMMAN | CO NO. H103A |
|---|---|
| **CORPORATE PROCEDURE** | PAGE 1 of 12 |
| Subject: EMPLOYEE MEDIATION/BINDING ARBITRATION PROGRAM | DATE 15 February 2010 |
| | SUPERSEDES 15 September 2006 |
| AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE | REVISION * Denotes (3 yr. review) |

**Process Owner**   Primary Responsibility – Corporate Vice President, Human Resources and Administration

Functional Responsibility – Director of Compensation and Human Resources

**Authorization of Currency and Accuracy**   This procedure is authorized by the Process Owner on **15 February 2010** for a period of three years from this date.  At the end of this period, this procedure must be reauthorized by the Process Owner in accordance with CO No. A101, Northrop Grumman Command Media System.  Revisions published in the interim may not necessarily satisfy this requirement.

**In This Procedure**   This procedure sets forth the process and requirements for mediation and binding arbitration as referenced in CO No. H103, Dispute Resolution Process.

**Applicable To**   This Program covers all employees of Northrop Grumman, its subsidiaries, and its other affiliated entities (the "Company"), who are employed on or after 1 November 2006, except the following individuals:

- Applicants not yet employed;
- Employees represented by a labor union; and
- Employees not covered by U.S. law.

By accepting or continuing employment on or after 1 November 2006, all covered employees agree to submit any covered disputes to binding arbitration, rather than to have such disputes heard by a court or jury.

**Forms**   The following Corporate forms may be used in the Mediation and Binding Arbitration process:

- Form C-606, Request For Mediation
- Form C-607, Demand For Arbitration

*Continued on next page*

**Exhibit G**
**69**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 2 of 12
15 February 2010

| | |
|---|---|
| **General** | This document describes in further detail the mediation and binding arbitration process referenced in <u>CO No. H103</u>. Employees should read this document carefully to ensure a full understanding of the process, their rights, and the Company's rights. Employees should refer any questions about these processes to Human Resources at their business unit, or to the Law Department. |

**Claims Covered**   Either you or the Company are entitled to request mediation of any claim covered by this Program. Both you and the Company agree to submit all claims covered by this Program to binding arbitration, rather than to have such claims heard by a court or jury. The parties' obligation to arbitrate claims under this Program may be enforced in any court of competent jurisdiction, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, or applicable state law.

Except as expressly provided below, this Program covers and applies to any claim, controversy, or dispute, past, present, or future:

- Which in any way arises out of, relates to, or is associated with your employment with the Company, the termination of your employment, or any communications with third parties regarding or related to your employment; and

- As to which a court would be authorized by law to grant relief if the claim were successful.

This Program covers claims that the Company may have against you or your successors and assigns and covers claims that you may have against the Company or any of its successors and assigns. This Program also covers any claims that you may have against any agents or employees of the Company, if the Company could be liable, directly or indirectly, for such claims.

This Program does not apply to or cover claims:

- As to which an agreement to arbitrate such claims is prohibited by law;
- For workers' compensation benefits;
- For unemployment insurance benefits;
- Involving an employee's tax withholdings;
- Covered under the National Labor Relations Act and within the exclusive jurisdiction of the National Labor Relations Board; or

*Continued on next page*

**Exhibit G**
**70**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY. VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 3 of 12
15 February 2010

**Claims Covered (continued)**

- For benefits under an Employee Benefits Plan, the terms of which contain an arbitration or ERISA claims procedure, in which case the provisions of that plan apply.

Examples of claims which are covered by this Program include, but are not limited to, claims for:

- Wages or other compensation due;
- Breach of any contract or covenant, express or implied;
- Personal injury, defamation, or other tort claims, except to the extent any such claim would be covered under applicable workers' compensation law;
- Unlawful discrimination or harassment, including but not limited to discrimination or harassment based on race, sex, religion, national origin, age, disability, or any other status as protected and defined by applicable law;
- Unlawful retaliation;
- Benefits, except as expressly excluded above; and
- Any violation of applicable federal, state, or local law, statute, ordinance, or regulation.

\* As set forth by this Program, no employee is required to arbitrate any claim under Title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment, including assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention. Employees may, but are not required to, request arbitration of such claims. This paragraph is intended to implement the provisions of Public Law 111 P.L. 118, popularly known as the Franken Amendment, and shall be interpreted and applied consistently with the scope of the Franken Amendment. This paragraph applies to claims which arose before or after the date this Program was amended to add this paragraph.

The obligations set forth in this Program (both yours and the Company's) survive your employment relationship with the Company, and apply to any covered claim whether it arises or is asserted during or after termination of your employment with the Company.

By accepting or continuing employment, employees covered by this Program agree to submit any covered claims to binding arbitration, rather than to have such claims heard by a court, jury, or government agency. However, to the extent that applicable law permits the filing of a charge or complaint with a government agency notwithstanding an agreement to arbitrate, nothing in this Program shall be construed to limit your right to file such a charge or complaint with such a government agency.

*Continued on next page*

**Exhibit G**
**71**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 4 of 12
15 February 2010

| | |
|---|---|
| **Claims Covered (continued)** | If it is a legal requirement that you pursue or exhaust available remedies with a government agency before bringing a claim in court, you are **not required** to do so before demanding arbitration under this Program. The Company expressly waives any right to require you to pursue or exhaust remedies before any government agency as a condition to arbitrating covered claims under this Program. |

To the fullest extent permitted by law in the jurisdiction where the arbitration is held and, if applicable, the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced, either party retains all rights to seek a preliminary injunction or other provisional relief to maintain the status quo pending the outcome of the arbitration.

Note that the claims covered by this Program are not identical to the claims which may be submitted to the internal dispute resolution process through the Informal Review, Administrative Officer Review, and Management Appeals Committee of the Dispute Resolution Process. See CO No. H103 for more information).

| | |
|---|---|
| **Mediation** | Mediation is a process where an outside, impartial mediator, a person trained to help parties resolve disputes, meets with the parties and tries to bring about a voluntary and mutually agreeable resolution of the dispute. Mediation often results in the resolution of a dispute, and you are encouraged, but not required, to use mediation before demanding arbitration of a claim. However, mediation is not mandatory and either you or the Company can refuse to mediate a claim. You are encouraged, but not required, to use Form C-606, Request For Mediation, to initiate this process. |

Your request for mediation should be delivered to:

Office of the General Counsel
1840 Century Park East
Los Angeles, CA 90067

If the Company makes a request for mediation to you, it will be delivered to the last address recorded in your personnel file. Any request for mediation must be in writing and should describe the dispute sufficiently for the mediator and the other party to understand the issues.

*Continued on next page*

**Exhibit G**
**72**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY. VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 5 of 12
15 February 2010

**Mediation (continued)**

In the event that both parties agree to mediation, the following procedures will be followed:

- You (or your representative) and the Company's representative will confer to select a mediator.

- If you and the Company are not able to agree on a mediator, then the parties will select a mediator by requesting a list of mediators supplied by an outside source, either the Judicial Arbitration and Mediation Service (JAMS) or the American Arbitration Association (AAA). The party who did not initiate the mediation can choose between JAMS or AAA.

- If there is a name on the list acceptable to both parties, then that person is selected as the mediator. If there is no person on the list acceptable to both parties, then the parties will strike names alternately from the list until only one name remains. A coin flip will determine which party shall strike first, with the employee calling "heads" or "tails."

- Once the mediator is selected, he or she schedules a mediation conference at a time convenient to all parties. Unless you and the Company agree otherwise, the mediation will be held in the city nearest to the work location where you are or were principally assigned. All matters of procedure, the location, and the conduct of the mediation conference will be determined by the mediator, in consultation with the parties.

Any time you spend preparing for or attending the mediation is not work time and will not be paid for by the Company.

The Company pays all the costs of mediation. Both you and the Company are entitled to use a representative, including an attorney, at the mediation. The expense of each party's representative will be the responsibility of that party.

**Time And Method To Demand Arbitration**

Either you or the Company may demand arbitration of a covered claim within the same time limits which would apply if that claim were brought in court. Claims which would be barred by the statute of limitations, the doctrine of laches, or other applicable law if brought in court will also be barred in any arbitration under this Program.

*Continued on next page*

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 6 of 12
15 February 2010

**Time And
Method To
Demand
Arbitration
(continued)**

If the time to file a covered claim in court would run from the date that you pursue or exhaust remedies before a government agency, and you elect not to pursue or exhaust your claim before that government agency, then a demand for arbitration of such claim must be made within thirty (30) days of the last day on which a claim, charge, or complaint could have been timely filed with the government agency.

The time to demand arbitration will not be affected by the fact that you may choose to pursue internal dispute resolution procedures under the Informal Review, Administrative Officer Review, and Management Appeals Committee processes of the Dispute Resolution Process, or may choose to pursue mediation under this Program. However, the time to demand arbitration may be extended by mutual agreement between you and the Company, if such agreement is in writing and is signed by you and by an authorized representative of the Law Department.

In order to demand arbitration under this Program, you must deliver your demand to:

Office of the General Counsel
1840 Century Park East
Los Angeles, CA 90067

In order to demand arbitration under this Program the Company must deliver its demand to the last address recorded in your personnel file. A demand for arbitration will be deemed delivered when it is actually delivered to the address specified herein, or when it is mailed to that address by certified or registered mail, return receipt request.

Form C-607 may be used to demand arbitration, but is not required. However, a demand for arbitration must be in writing and must identify the claim or claims in dispute with the same specificity as would be required if the claim was asserted in court. If the claim is not identified or described with sufficient specificity, then the arbitrator shall have the power to require the party demanding arbitration to present a more detailed statement of the claim.

Note: If either you or the Company fail to deliver a timely Demand for Arbitration of a claim in the manner described above, the claim may be waived and forever lost.

*Continued on next page*

**Exhibit G
74**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY. VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 7 of 12
15 February 2010

**Arbitration Procedures**

Any arbitration under this Program will be governed by those procedures which are required by law as a prerequisite to a valid and enforceable agreement to arbitrate claims in the jurisdiction where the arbitration is held and, if applicable, the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced.  All such legally required procedures shall be deemed incorporated herein.  To the extent that they are not inconsistent with such legally required procedures, the procedures set forth in this Program will apply.

<u>Selection of Tribunal and Arbitrator</u>

The party who did not initiate the arbitration can choose between either the JAMS or the AAA (the "Tribunal") to administer the arbitration.  If the party who did not initiate the arbitration does not choose a Tribunal within twenty (20) calendar days after being served with the Demand for Arbitration, then the party who initiated the arbitration may choose the Tribunal.  A Tribunal will be deemed chosen when notice of such choice is served on the other party by the same method provided herein for service of a Demand for Arbitration.

Except to the extent that they are inconsistent with those procedures which are required by law as a prerequisite to a valid and enforceable agreement to arbitrate claims in the jurisdiction where the arbitration is held and (if applicable) the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced, or are inconsistent with the express procedures set forth in this Program, the arbitrator will apply the Tribunal's then-current Arbitration Rules and Procedures for Employment Disputes, or equivalent.  In other words, the arbitrator will first apply any legally required rules, which supersede all other rules if there is an inconsistency; the arbitrator will next apply the specific provisions set forth in this Program, which supersede the Tribunal's Rules if there is an inconsistency; and finally the arbitrator will apply the Tribunal's Rules.  Copies of the rules of the Tribunals may be obtained through the employee's site Human Resources manager or at the websites of the AAA (www.adr.org) and/or JAMS (www.jamsadr.com).  The rules and procedures required by applicable law, this Program, and the Tribunal's Rules, are referred to herein collectively as "The Arbitration Rules."

*Continued on next page*

**Exhibit G**
**75**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE

CO No. H103A
Page 8 of 12
15 February 2010

**Arbitration Procedures (continued)**

The parties will confer in an attempt to agree on a mutually acceptable arbitrator. If the parties are unable to agree on an arbitrator, then an arbitrator will be selected as follows:

- The parties request a list of proposed arbitrators. If there is a name on the list acceptable to both parties, that person will be selected as the arbitrator. If there is more than one name on the list acceptable to both parties, then the parties will each rank the mutually acceptable names in order of preference, with the person receiving the highest combined preference ranking being selected as arbitrator.

- If there is no person on the first list acceptable to both parties, then a second list will be requested from the Tribunal, and the same process will be followed as with the first list.

- If there is no person on the second list acceptable to both parties, then a third list will be requested, and the same process will be followed as with the first and second lists. If this does not result in the selection of an arbitrator then the parties shall alternately strike names from the third list until only one name remains. A coin flip will determine which party shall strike first, with the employee calling "heads" or "tails."

<u>Expenses of the Arbitration</u>

The expense of the arbitrator will be borne entirely by the Company.

Each side will be entitled to use a representative, including an attorney, at the arbitration. Each side will bear its own deposition, witness, expert, attorneys' fees, and other expenses to the same extent as if the matter were being heard in court. If, however, any party prevails on a claim, which (if brought in court) affords the prevailing party attorneys' fees and/or costs, then the arbitrator may award reasonable fees and/or costs to the prevailing party to the same extent as would apply in court. The arbitrator will resolve any dispute as to who is the prevailing party and as to the reasonableness of any fee or cost.

Either party may request that a court reporter be used during the proceedings, at the requesting party's own expense.

*Continued on next page*

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 9 of 12
15 February 2010

**Arbitration Procedures (Continued)**

Any time you spend preparing for or attending the hearing in connection with the arbitration of any claim is not work time and will not be paid for by the Company. However, if you are subpoenaed to appear as a witness in an arbitration where you are not a party, the normal Company rules applicable to paying for time spent as a witness will apply.

Authority Of The Arbitrator

To the fullest extent permitted by law, all matters of procedure, arbitrability of the issues, the location, and the conduct of the hearing will be determined by the arbitrator, consistent with The Arbitration Rules; provided, however, that, unless you and the Company agree otherwise, the arbitration will be held in the city nearest to the work location where you are or were principally assigned.

The arbitrator will have authority to decide any disputes regarding discovery. If any party seeks to notice more than three depositions in connection with a claim, the parties shall first hold a joint meeting with the arbitrator to discuss discovery issues, limitations, and scheduling.

The arbitrator may bifurcate the proceedings in order to rule first on whether any claim presented is arbitrable. The arbitrator may also bifurcate issues of liability from issues of damages or remedy.

The arbitrator may award any remedy that could be awarded by a court, including, for example, back pay, compensatory damages, preliminary and/or permanent injunctive relief, and/or punitive damages.

Decision of the Arbitrator

The arbitrator shall issue a written opinion stating the essential findings and conclusions upon which the arbitrator's award is based. The arbitrator shall serve the award by mail on you and the Company. The parties will jointly request that the arbitrator issue this written opinion within thirty calendar days after the close of the hearing or briefing.

The decision of the arbitrator will be final and binding upon you and the Company. A reviewing court may only confirm, correct, or vacate an award in accordance with the standards set forth in the Federal Arbitration Act, 9 U.S.C. §§ 1-16, or applicable state law.

*Continued on next page*

**Exhibit G**
**77**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 10 of 12
15 February 2010

**Class Action
Claims**

To the extent it is permissible to do so in the jurisdiction where the arbitration
is held and (if applicable) the jurisdiction where the parties' obligation to
arbitrate claims under this Program is enforced, both you and the Company
waive the right to bring any covered claim under this Program as a class
action. In jurisdictions where this is permissible, the arbitrator will not have
authority or jurisdiction to consolidate claims of different employees into one
proceeding, nor shall the arbitrator have authority or jurisdiction to hear the
arbitration as a class action.

In any jurisdiction where the class action waiver described above is not
permitted by law or is not enforceable, the issue of whether to certify any
alleged or putative class for a class action proceeding must be decided by a
court of competent jurisdiction. The arbitrator will not have authority or
jurisdiction to decide class certification issues. Until any class certification
issues are decided by the court, all arbitration proceedings shall be stayed, and
the arbitrator shall take no action with respect to the matter. However, once
any issues regarding class certification have been decided by the court, the
arbitrator will have authority to decide the substantive claims on an individual
or a class basis, as may be determined and directed by the court.

**Modification of
Program/
Relationship to
Other
Agreements**

The Company reserves the right to modify this Program; provided, however,
that any future modification will not apply to claims which arose prior to the
effective date of the modification. A dispute "arises" with respect to a
particular claim at the time that the statute of limitations on that claim begins
to run. Notwithstanding any future modification of this Program, the
obligation to arbitrate covered claims as set forth herein shall continue in
effect as to all claims which arose prior to the effective date of the
modification, unless you and an authorized representative of the Law
Department agree otherwise in writing. Nothing in this section limits the
Company's right to modify any policy, procedure, or business practice other
than the provisions of this Program.

*Continued on next page*

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 11 of 12
15 February 2010

| | |
|---|---|
| **Modification of Program/ Relationship to Other Agreements (continued)** | To the extent that you and the Company have previously entered into any agreement to arbitrate particular claims, such prior agreement will remain in effect notwithstanding this Program.  To the extent that a particular claim is covered by an obligation to arbitrate under both this Program and such a prior agreement, the provisions of this Program shall govern any claims which arise on or after 1 November 2006, and the provisions of the prior agreement to arbitrate shall govern any claims which arose before that date.  To the extent that this Program is found or held to be inapplicable to a particular claim or ineffective to require arbitration of such claim, then arbitration may be compelled under any prior agreement to arbitrate.  To the extent that any prior agreement to arbitrate is found or held to be inapplicable to a particular claim or ineffective to require arbitration of such claim, then arbitration may be compelled under this Program. |
| **Employment At-Will** | Nothing in the Dispute Resolution Process (see CO No. H103) or this Program creates or shall be construed to create a contract of continued employment, express or implied, or to alter the at-will nature of any employee's employment. |
| **Severability** | In the event any court finds any portion of this Program to be unenforceable, the unenforceable section(s) or provision(s) will be severed from the rest, and the remaining section(s) or provisions(s) will be otherwise enforced as written. |

*Continued on next page*

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 12 of 12
15 February 2010

**References**

**Policies**
None

**Procedures**
CO No. A101, Northrop Grumman Command Media System
CO No. H103, Dispute Resolution Process

**Topical Manuals**
None

**Work Instructions**
None

**Forms/Checklists**
Form C-606, Request For Mediation
Form C-607, Demand For Arbitration

**Other**
www.adr.org
www.jamsadr.com

**Feedback**

Have feedback or suggested change regarding this procedure or a form?
Click Here.

**Issued by:  Corporate Command Media**

**Exhibit G**
**80**

# EXHIBIT H

## PROOF OF MAILING

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed by Northrop Grumman Corporation in the county of Los Angeles, State of California. I am over the age of 18 and am not a party to any action wherein the service of the following mailings is in issue. My business address is 1 Space Park, Redondo Beach, CA 90278.

On February 12, 2010, I sent the foregoing documents described as the **IAN ZISKIN ANNOUNCEMENT OF UPDATED DISPUTE RESOLUTION PROCESS and THE EMPLOYEE MEDIATION/BINDING ARBITRATION PROGRAM (CO NO. H103A),** to the following employees by placing a copy thereof enclosed in a sealed envelope addressed to:

> **See Attached List**

[X]   **BY MAIL**
I caused a copy of the documents described above to be placed in a sealed envelope addressed to each of the employees identified on the attached list of mailing addresses. I also caused such envelopes with first-class postage thereon fully prepaid to be placed in the U.S. Mail at Redondo Beach, California. I am readily familiar with the Company's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at U.S. Mail at Redondo Beach, California in the ordinary course of business.

Executed on July 14, 2011, at Redondo Beach, California

I declare that I am employed with Northrop Grumman Corporation at whose direction the service was made. I declare under penalty of perjury under the laws of the California, and the United States of America that the foregoing is true and correct.

_____
**Lizbeth Aleman**

**Exhibit H**
**82**

REDACTED

CA

Lecaster

REDACTED

Zinzow

Alan

# EXHIBIT I

Exhibit I
84

| From: | HR-DRA |
|---|---|
| Sent: | Friday, September 29, 2006 8:07 PM |
| To: | Northrop Grumman Employees |
| Subject: | Updated Dispute Resolution Process (Company Announcement) |
| Attachments: | h103.pdf; h103a.pdf |

Message from Ian Ziskin regarding Updated Dispute Resolution Process

**Procedures relevant only to employees covered by U.S. law and not represented by labor unions**

**Please Read This Message and Its Attachments Carefully**

September 29, 2006

Dear Fellow Employee:

A workforce built on openness, trust and communication is a part of our values and is important to each of us. It is my responsibility to keep you informed of key initiatives and changes.

In February of 2004, the Company established a new Dispute Resolution Process. In doing so, the Company brought together best practices from our heritage companies to create a comprehensive problem-solving process for our employees. Our Dispute Resolution Process has three internal steps (the Informal Process, Administrative Officer Rev Management Appeals Committee) and two external steps (Mediation and Arbitration).

We have undertaken a review of our Dispute Resolution Process. The results of our efforts are found in two revised policies, Dispute Resolution Process (CO No. H103) and the Employee Mediation/Binding Arbitration Program (CO No. H103A), copies of which are attached. These documents are also available at the Human Resources & Administration website, along with a Summary of Updates to Dispute Resolution Process, at http://wdd2.web.northgrum.com/chra/. Please take time to review both of them carefully.

Like the previous policy, the revised Dispute Resolution Process and the Employee Mediation/Binding Arbitration Progr apply to all employees of Northrop Grumman or any of its subsidiaries, except those employees represented by labor unions, or those employees not covered by U.S. laws. By accepting or continuing employment on or after November 1 2006, such employees agree, as a condition of continued employment, to submit any covered claims to binding arbitrat instead of having these claims heard by a court or jury. The Company also agrees to submit any covered claims to bin arbitration, instead of having its claims heard by a court or jury.

If you any have any questions about dispute resolution, please direct them to your site Human Resources representativ

sig:\
Ian Ziskin
Corporate Vice President and Chief Human Resources and Administrative Officer

11/1/2006

**Exhibit I
85**

| **NORTHROP GRUMMAN** | | CO NO.<br>H103 |
|---|---|---|
| **CORPORATE PROCEDURE** | | PAGE<br>1  of  14 |
| Subject:  **DISPUTE RESOLUTION PROCESS** | | DATE<br>15 September 2006 |
| | | SUPERSEDES<br>30 January 2004 |
| AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.<br>VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE. | | REVISION<br>General |

## Overview

| | |
|---|---|
| **Process Owner** | Director of Employment and Workforce Relations |
| **Purpose** | This procedure describes Northrop Grumman's Dispute Resolution Process. |
| **Applicable To** | This Dispute Resolution Process covers all employees of Northrop Grumman, its subsidiaries, and its other affiliated entities, who are employed on or after 1 November 2006, except the following individuals:<br><br>• applicants not yet employed<br>• employees represented by a labor union<br>• employees not covered by U.S. law |
| **In This Procedure** | This procedure contains the following sections:<br>• Overview<br>• Covered Claims<br>• Time Limits for Filing Claims<br>• Informal Review<br>• Administrative Officer Review<br>• Management Appeals Committee<br>• Mediation/Arbitration – General Information<br>• Mediation<br>• Arbitration |

*Continued on next page*

Exhibit I
86

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 2 of 14
15 September 2006

## Overview, Continued

**Forms**

The following Corporate forms may be used in the Dispute Resolution Process:

- Form C-604, Formal Request for Administrative Officer Review
- Form C-605, Notice of Appeal to the Management Appeals Committee
- Form C-606, Request For Mediation
- Form C-607, Demand For Arbitration

**General**

Northrop Grumman values employees as its most important resource and places a high priority on ensuring fair and consistent treatment (see CP No. H1, Human Resources). The company is committed to creating an environment of mutual trust and professionalism where problems can be fairly resolved through an interactive process that encourages better communication at all levels.

Employees are encouraged to work with their management to achieve resolution concerning any problems impacting the employee's work. Employees needing additional assistance should contact their Human Resources representative for advice and assistance regarding any work-related issues.

*Continued on next page*

**Exhibit I**
**87**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 3 of 14
15 September 2006

**Dispute Resolution Process**

The Dispute Resolution Process includes five possible processes for resolving employee disputes:

- Informal Review
- Administrative Officer Review
- Management Appeals Committee
- Mediation
- Arbitration

The details of the Informal Review, Administrative Officer Review, and Management Appeals Committee processes are presented in the sections that follow. Details regarding Mediation and Arbitration processes are set forth in <u>CO No. H103A</u>.

Employees are encouraged, but not required, to use the Informal Review, Administrative Officer Review, and Management Appeals Committee processes in the Dispute Resolution Process. The company hopes and expects that most claims by employees will be resolved swiftly by using these first three internal processes, without the need to proceed to mediation and/or arbitration. Use of these less formal, internal processes, however, does not stop the time running on the filing of a formal Demand for Arbitration. In order to preserve the right to pursue a claim through arbitration, a Demand for Arbitration must be made within the same time period which would apply if the employee were to bring that claim in court. Failure to make a timely Demand for Arbitration may result in the claim being lost forever.

**By accepting or continuing employment on or after 1 November 2006, all covered employees agree to submit any covered disputes to binding arbitration, rather than to have such disputes heard by a court or jury.**

**Exhibit I**
**88**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 4 of 14
15 September 2006

**Process Flowchart**   Below is a flowchart of the dispute resolution process.



Exhibit I
89

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 5 of 14
15 September 2006

## Covered Claims

| | |
|---|---|
| **In This Section** | This section discusses the types of claims that can be brought through the Dispute Resolution Process. |
| **Informal Review** | In the Informal Review process, employees may raise any issue that arises in the workplace, including claims excluded from the Administrative Officer Review and the Management Appeals Committee processes. |
| **Administrative Officer Review/ Management Appeals Committee** | For the Administrative Officer Review and Management Appeals Committee processes, the only claims which may be brought are claims alleging that a specific employment action, such as layoff, demotion, discipline, or termination, violated a specific applicable company policy.<br><br>The Administrative Officer Review and Management Appeals Committee processes are not available to address claims involving:<br><br>• Informal letters, memos, or verbal counseling, or other actions taken pursuant to management's right and discretion in counseling.<br>• Actions taken in reviewing or documenting an employee's performance.<br>• Decisions regarding the amount or effective date of pay adjustments.<br>• Actions taken in establishing or changing business and personnel policies, procedures, or practices.<br><br>Human Resources is responsible for interpreting these guidelines. If an employee submits a claim for Administrative Officer Review and that claim is not eligible for such review under these guidelines, Human Resources notifies the employee. |
| **Mediation/ Arbitration** | For a description of the claims which may be brought through the Mediation or Arbitration processes, see CO No. H103A. |

**Exhibit I**
**90**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 6 of 14
15 September 2006

## Time Limits for Filing Claims

| | |
|---|---|
| **In This Section** | This section discusses the time limits for submitting claims within the Dispute Resolution Process. |
| **Informal Review** | There is no time limit for bringing claims to the Informal Review process, but employees are encouraged to bring any issues forward as soon as they become aware of them. |
| **Administrative Officer Review** | Claims must be submitted to Human Resources within 30 calendar days of the event on which the claim is based or within 30 calendar days of when the employee first became aware of the event. |
| **Management Appeals Committee** | Claims may be brought to the Management Appeals Committee only after having gone through the Administrative Officer Review, unless waived by Human Resources, and must be appealed to the Committee within 10 calendar days after delivery to the employee of the written decision of the Administrative Officer. |
| **Mediation/ Arbitration** | For the time limitations for submitting claims to the Mediation and/or Arbitration processes, see CO No. H103A. |
| | Note:  In order to preserve the right to pursue a claim through arbitration, a Demand for Arbitration must be made within the same time period which would apply if the employee were to bring that claim in court.  Failure to make a timely Demand for Arbitration may result in the claim being lost forever. |

Exhibit I
91

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 7 of 14
15 September 2006

## Informal Review

| | |
|---|---|
| **In This Section** | This section describes the steps in the Informal Review process. |

| | |
|---|---|
| **Informal Review** | Employees and managers are encouraged to keep open communications with each other and work through any employment-related issues should they arise. In the event they are unable to resolve a workplace issue, Human Resources is available to assist. |

| | |
|---|---|
| **Process** | The table below sets forth the process for the Informal Review. |

| Responsibility/ Step | Action |
|---|---|
| Employee 1 | Contact the Human Resources representative at any time to discuss any claim or issue that arises in the workplace. |
| Human Resources 2 | Listen to employee's issues and discuss ways of addressing.<br><br>Meet with employee's management if employee requests or if necessary to resolve the issue. |

**Exhibit I**
**92**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 8 of 14
15 September 2006

## Administrative Officer Review

| In This Section | This section describes the steps in the Administrative Officer Review process. |
| --- | --- |
| Selection of Administrative Officer | The Administrative Officer is selected by Human Resources and is typically the next-level manager in the employee's functional area that did not participate in the decision that is being challenged by the employee. |
| Process | The table below sets forth the process for an Administrative Officer Review. |

| Responsibility/ Step | Action |
| --- | --- |
| Employee 1 | Submit signed and dated formal claim to Human Resources within 30 calendar days of the event on which the claim is based, or within 30 calendar days of when the employee first became aware of the event.  Ensure the claim is stated in a clear and concise manner.  Note: Form C-604, Formal Request for Administrative Officer Review, may be used for this purpose. |
| Human Resources 2 | Select the Administrative Officer. Forward a copy of signed and dated formal claim to each of the following: <br>• employee <br>• employee's manager <br>• Administrative Officer <br><br>Retain a copy for file. |
| 3 | Arrange for the employee to meet with the Administrative Officer to present and discuss the claim. |

*Continued on next page*

**Exhibit I**
**93**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 9 of 14
15 September 2006

## Administrative Officer Review, Continued

Process (continued)

| Responsibility/ Step | Action |
|---|---|
| Administrative Officer 4 | Meet separately with the responsible manager. Meet with the employee and manager together, if deemed appropriate. Meet with others and/or gather additional relevant information, if deemed appropriate. Note: Human Resources is generally in attendance at each of the above meetings, and is available to assist the Administrative Officer in gathering relevant information. |
| 5 | Schedule a conference with the employee to discuss possible resolution of the matter. |
| 6 | If the matter is not satisfactorily resolved in the conference, issue a decision within 10 working days of completing the review and forward a copy of the decision to each of the following: <br> • employee <br> • employee's manager <br> • Human Resources representative <br><br> Retain a copy for file. |

**Exhibit I**
**94**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 10 of 14
15 September 2006

## Management Appeals Committee

| | |
|---|---|
| **In This Section** | This section describes the steps to appeal to the Management Appeals Committee. |
| **Management Appeals Committee** | An employee who is not satisfied with the decision rendered during the Administrative Officer Review may appeal the decision to the Management Appeals Committee within 10 calendar days after delivery to the employee of the written decision of the Administrative Officer.

Human Resources designates three members of the Management Appeals Committee, which is typically comprised of:
• employee's functional vice president or designee
• site Human Resources manager or designee
• sector Human Resources vice president or designee
Note: There must be at least one vice president on the Committee.

An employee who does not appeal an Administrative Officer decision in a timely manner forfeits the right to have the appeal heard by the Management Appeals Committee. The employee may, however, still request mediation and/or arbitration of the claim. |
| **Process** | The table below sets forth the process for a Management Appeals Committee review. |

| Responsibility/ Step | Action |
|---|---|
| Employee 1 | Consult with Human Resources for assistance in preparing a Notice of Appeal. Ensure the appeal is stated in a clear and concise manner. Note: Form C-605, Notice of Appeal to the Management Appeals Committee, may be used for this purpose. |
| 2 | Submit signed and dated "Notice of Appeal to the Management Appeals Committee" to Human Resources within 10 calendar days after receiving the Administrative Officer's decision. |

*Continued on next page*

**Exhibit I**
95

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 11 of 14
15 September 2006

## Management Appeals Committee, Continued

Process (continued)

| Responsibility/ Step | Action |
|---|---|
| Human Resources 3 | Designate three members for the Management Appeals Committee.<br><br>Forward to each Committee member a copy of the Notice of Appeal and the Administrative Officer's written decision appealed from, along with such other documents or information as may assist the Committee in resolving the dispute. |
| Employee; Management Appeals Committee 4 | Attend appeal meeting to discuss the claim and attempt to reach resolution.<br>Note:  Human Resources is generally in attendance during the appeal meeting. |
| Management Appeals Committee 5 | Meet with others and/or gather additional relevant information, if deemed appropriate. |
| 6 | Issue a decision in writing within 10 working days after the review is completed. |
| Human Resources 7 | Forward a signed copy of the decision to each of the following:<br>• employee<br>• employee's manager<br><br>Retain a copy for file. |

Exhibit I
96

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 12 of 14
15 September 2006

## Mediation/Arbitration – General Information

| | |
|---|---|
| **In This Section** | This section provides general information about mediation and arbitration. For more specific details of the mediation and arbitration processes under the Dispute Resolution Process, see CO No. H103A. The information in this section is provided to assist employees in understanding what mediation and arbitration are, and how those processes can be used to resolve disputes. This information is not part of and does not modify the processes for mediation and arbitration contained in CO No. H103A. The information in this section is not intended to be legal advice to employees, and any employee who desires to obtain legal advice should consult his or her own attorney. |
| **General** | Mediation is a process where an outside, impartial mediator – a person trained to help parties resolve disputes – meets with the parties and tries to bring about a voluntary and mutually agreeable resolution of the dispute. |
| | Arbitration is a process where an outside, impartial arbitrator (who is sometimes a retired judge) hears evidence and argument and makes a binding ruling on the claim(s). Arbitration is a substitute for a court trial before a judge or jury. |
| | An impartial mediator or arbitrator is generally selected by agreement of the parties, or by using the procedures of an outside organization which specializes in these forms of alternative dispute resolution, such as the Judicial Arbitration and Mediation Service (JAMS) or the American Arbitration Association (AAA). |
| | Each employee is advised to read the Employee Mediation/Binding Arbitration Program (see CO No. H103A) carefully, since failure to comply with certain requirements contained in it may result in an employee forfeiting important rights, including the ability to pursue a claim. |

Exhibit I
97

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 13 of 14
15 September 2006

# Mediation

**In This Section**    This section provides a general overview of the mediation process.

**Process**    The table below sets forth the mediation procedure.  Refer to <u>CO No. H103A</u>
for more details.

| Responsibility/ Step | Action |
|---|---|
| Employee; Law Department<br>1 | Deliver a Request for Mediation to the other party pursuant to the procedures set forth in <u>CO No. H103A</u>. <u>Form C-606</u>, Request for Mediation, may be used for this purpose. |
| 2 | If both parties agree to mediation, choose a mediator pursuant to the procedures set forth in <u>CO No. H103A</u>. |
| 3 | Participate in mediation conference as scheduled by the mediator. |

Exhibit I
98

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103
Page 14 of 14
15 September 2006

# Arbitration

| | |
|---|---|
| **In This Section** | This section provides a general overview of the arbitration process. |

| | |
|---|---|
| **Process** | The table below provides a general overview of the arbitration procedure. Refer to <u>CO No. H103A</u> for more details. |

| Responsibility/ Step | Action |
|---|---|
| Employee; Law Department<br>1 | Deliver a Demand For Arbitration to the other party pursuant to the procedures set forth in <u>CO No. H103A</u>. <u>Note</u>:  <u>Form C-607</u>, Demand for Arbitration, may be used for this purpose. |
| 2 | Choose an arbitrator pursuant to the procedures set forth in <u>CO No. H103A</u>. |
| 3 | Arbitrate the claim pursuant to the procedures set forth in <u>CO No. H103A</u>. |

**Issued by:  Corporate Command Media (90/132/CC)**

**Exhibit I**
**99**

| **NORTHROP GRUMMAN** | | CO NO.  **H103A** |
|---|---|---|
| **CORPORATE PROCEDURE** | | PAGE  **1 of 11** |
| Subject: | **EMPLOYEE MEDIATION/BINDING ARBITRATION PROGRAM** | DATE  **15 September 2006** |
| | | SUPERSEDES  **30 January 2004** |
| | AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY. VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE. | REVISION  **General** |

**Process Owner**  Director of Employment and Workforce Relations

**In This Procedure**  This procedure sets out the process and requirements for mediation and binding arbitration as referenced in CO No. H103, Dispute Resolution Process.

**Applicable To**  This Program covers all employees of Northrop Grumman, its subsidiaries, and its other affiliated entities (the "Company"), who are employed on or after 1 November 2006, except the following individuals:

- applicants not yet employed;
- employees represented by a labor union; and
- employees not covered by U.S. law.

**By accepting or continuing employment on or after 1 November 2006, all covered employees agree to submit any covered disputes to binding arbitration, rather than to have such disputes heard by a court or jury.**

**Forms**  The following Corporate forms may be used in the Mediation and Binding Arbitration process:
- Form C-606, Request For Mediation
- Form C-607, Demand For Arbitration

**General**  This document describes in further detail the mediation and binding arbitration process referenced in CO No. H103. Employees should read this document carefully to ensure a full understanding of the process, their rights, and the Company's rights. Employees should refer any questions about these processes to Human Resources at their business unit, or to the Law Department.

*Continued on next page*

**Exhibit I**
**100**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 2 of 11
15 September 2006

**Claims Covered**      Either you or the Company are entitled to request mediation of any claim covered by this Program. Both you and the Company agree to submit all claims covered by this Program to binding arbitration, rather than to have such claims heard by a court or jury. The parties' obligation to arbitrate claims under this Program may be enforced in any court of competent jurisdiction, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, or applicable state law.

Except as expressly provided below, this Program covers and applies to any claim, controversy, or dispute, past, present, or future:

- which in any way arises out of, relates to, or is associated with your employment with the Company, the termination of your employment, or any communications with third parties regarding or related to your employment; and
- as to which a court would be authorized by law to grant relief if the claim were successful.

This Program covers claims that the Company may have against you or your successors and assigns and covers claims that you may have against the Company or any of its successors and assigns. This Program also covers any claims that you may have against any agents or employees of the Company, if the Company could be liable, directly or indirectly, for such claims.

This Program does not apply to or cover claims:

- as to which an agreement to arbitrate such claims is prohibited by law;
- for workers' compensation benefits;
- for unemployment insurance benefits;
- involving an employee's tax withholdings;
- covered under the National Labor Relations Act and within the exclusive jurisdiction of the National Labor Relations Board; or
- for benefits under an Employee Benefits Plan, the terms of which contain an arbitration or ERISA claims procedure, in which case the provisions of that plan apply.

*Continued on next page*

Exhibit I
101

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 3 of 11
15 September 2006

| | |
|---|---|
| **Claims Covered (continued)** | Examples of claims which are covered by this Program include, but are not limited to, claims for: |

- wages or other compensation due;
- breach of any contract or covenant, express or implied;
- personal injury, defamation, or other tort claims, except to the extent any such claim would be covered under applicable workers' compensation law;
- unlawful discrimination or harassment, including but not limited to discrimination or harassment based on race, sex, religion, national origin, age, disability, or any other status as protected and defined by applicable law;
- unlawful retaliation;
- benefits, except as expressly excluded above; and
- any violation of applicable federal, state, or local law, statute, ordinance, or regulation.

The obligations set forth in this Program (both yours and the Company's) survive your employment relationship with the Company, and apply to any covered claim whether it arises or is asserted during or after termination of your employment with the Company.

By accepting or continuing employment, employees covered by this Program agree to submit any covered claims to binding arbitration, rather than to have such claims heard by a court, jury, or government agency. However, to the extent that applicable law permits the filing of a charge or complaint with a government agency notwithstanding an agreement to arbitrate, nothing in this Program shall be construed to limit your right to file such a charge or complaint with such a government agency.

If it is a legal requirement that you pursue or exhaust available remedies with a government agency before bringing a claim in court, you are **not required** to do so before demanding arbitration under this Program. The Company expressly waives any right to require you to pursue or exhaust remedies before any government agency as a condition to arbitrating covered claims under this Program.

*Continued on next page*

**Exhibit I**
**102**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE

CO No. H103A
Page 4 of 11
15 September 2006

| | |
|---|---|
| **Claims Covered** (continued) | To the fullest extent permitted by law in the jurisdiction where the arbitration is held and, if applicable, the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced, either party retains all rights to seek a preliminary injunction or other provisional relief to maintain the status quo pending the outcome of the arbitration. |
| | Note that the claims covered by this Program are not identical to the claims which may be submitted to the internal dispute resolution process through the Informal Review, Administrative Officer Review, and Management Appeals Committee of the Dispute Resolution Process (see CO No. H103 for more information). |
| **Mediation** | Mediation is a process where an outside, impartial mediator, a person trained to help parties resolve disputes, meets with the parties and tries to bring about a voluntary and mutually agreeable resolution of the dispute. Mediation often results in the resolution of a dispute, and you are encouraged, but not required, to use mediation before demanding arbitration of a claim. However, mediation is not mandatory and either you or the Company can refuse to mediate a claim. You are encouraged, but not required, to use Form C-606, Request For Mediation, to initiate this process. |
| | Your request for mediation should be delivered to the Office of the General Counsel, 1840 Century Park East, Los Angeles, CA 90067. If the Company makes a request for mediation to you, it will be delivered to the last address recorded in your personnel file. Any request for mediation must be in writing and should describe the dispute sufficiently for the mediator and the other party to understand the issues. |
| | In the event that both parties agree to mediation, the following procedures will be followed: |
| | • You (or your representative) and the Company's representative will confer to select a mediator. |
| | • If you and the Company are not able to agree on a mediator, then the parties will select a mediator by requesting a list of mediators supplied by an outside source, either the Judicial Arbitration and Mediation Service (JAMS) or the American Arbitration Association (AAA). The party who did not initiate the mediation can choose between JAMS or AAA. |

*Continued on next page*

**Exhibit I**
**103**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 5 of 11
15 September 2006

**Mediation (continued)**

- If there is a name on the list acceptable to both parties, then that person is selected as the mediator. If there is no person on the list acceptable to both parties, then the parties will strike names alternately from the list until only one name remains. A coin flip will determine which party shall strike first, with the employee calling "heads" or "tails."
- Once the mediator is selected, he or she schedules a mediation conference at a time convenient to all parties. Unless you and the Company agree otherwise, the mediation will be held in the city nearest to the work location where you are or were principally assigned. All matters of procedure, the location, and the conduct of the mediation conference will be determined by the mediator, in consultation with the parties.

Any time you spend preparing for or attending the mediation is not work time and will not be paid for by the Company.

The Company pays all the costs of mediation. Both you and the Company are entitled to use a representative, including an attorney, at the mediation. The expense of each party's representative will be the responsibility of that party.

**Time And Method To Demand Arbitration**

Either you or the Company may demand arbitration of a covered claim within the same time limits which would apply if that claim were brought in court. Claims which would be barred by the statute of limitations, the doctrine of laches, or other applicable law if brought in court will also be barred in any arbitration under this Program.

If the time to file a covered claim in court would run from the date that you pursue or exhaust remedies before a government agency, and you elect not to pursue or exhaust your claim before that government agency, then a demand for arbitration of such claim must be made within thirty (30) days of the last day on which a claim, charge, or complaint could have been timely filed with the government agency.

*Continued on next page*

Exhibit I
104

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE

CO No. H103A
Page 6 of 11
15 September 2006

**Time And Method To Demand Arbitration (continued)**

The time to demand arbitration will not be affected by the fact that you may choose to pursue internal dispute resolution procedures under the Informal Review, Administrative Officer Review, and Management Appeals Committee processes of the Dispute Resolution Process, or may choose to pursue mediation under this Program. However, the time to demand arbitration may be extended by mutual agreement between you and the Company, if such agreement is in writing and is signed by you and by an authorized representative of the Law Department.

In order to demand arbitration under this Program, you must deliver your demand to the Office of the General Counsel, 1840 Century Park East, Los Angeles, CA 90067. In order to demand arbitration under this Program the Company must deliver its demand to the last address recorded in your personnel file. A demand for arbitration will be deemed delivered when it is actually delivered to the address specified herein, or when it is mailed to that address by certified or registered mail, return receipt request.

Form C-607 may be used to demand arbitration, but is not required. However, a demand for arbitration must be in writing and must identify the claim or claims in dispute with the same specificity as would be required if the claim was asserted in court. If the claim is not identified or described with sufficient specificity, then the arbitrator shall have the power to require the party demanding arbitration to present a more detailed statement of the claim.

Note: If either you or the Company fail to deliver a timely Demand for Arbitration of a claim in the manner described above, the claim may be waived and forever lost.

*Continued on next page*

**Exhibit I**
**105**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 7 of 11
15 September 2006

**Arbitration Procedures**

Any arbitration under this Program will be governed by those procedures which are required by law as a prerequisite to a valid and enforceable agreement to arbitrate claims in the jurisdiction where the arbitration is held and, if applicable, the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced. All such legally required procedures shall be deemed incorporated herein. To the extent that they are not inconsistent with such legally required procedures, the procedures set forth in this Program will apply.

<u>Selection of Tribunal and Arbitrator</u>

The party who did not initiate the arbitration can choose between either the JAMS or the AAA (the "Tribunal") to administer the arbitration. If the party who did not initiate the arbitration does not choose a Tribunal within twenty (20) calendar days after being served with the Demand for Arbitration, then the party who initiated the arbitration may choose the Tribunal. A Tribunal will be deemed chosen when notice of such choice is served on the other party by the same method provided herein for service of a Demand for Arbitration.

Except to the extent that they are inconsistent with those procedures which are required by law as a prerequisite to a valid and enforceable agreement to arbitrate claims in the jurisdiction where the arbitration is held and (if applicable) the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced, or are inconsistent with the express procedures set forth in this Program, the arbitrator will apply the Tribunal's then-current Arbitration Rules and Procedures for Employment Disputes, or equivalent. In other words, the arbitrator will first apply any legally required rules, which supersede all other rules if there is an inconsistency; the arbitrator will next apply the specific provisions set forth in this Program, which supersede the Tribunal's Rules if there is an inconsistency; and finally the arbitrator will apply the Tribunal's Rules. Copies of the rules of the Tribunals may be obtained through the employee's site Human Resources manager or at the websites of the AAA (www.adr.org) and/or JAMS (www.jamsadr.com). The rules and procedures required by applicable law, this Program, and the Tribunal's Rules, are referred to herein collectively as "The Arbitration Rules."

*Continued on next page*

**Exhibit I**
**106**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 8 of 11
15 September 2006

**Arbitration Procedures (continued)**

The parties will confer in an attempt to agree on a mutually acceptable arbitrator. If the parties are unable to agree on an arbitrator, then an arbitrator will be selected as follows:

- The parties request a list of proposed arbitrators. If there is a name on the list acceptable to both parties, that person will be selected as the arbitrator. If there is more than one name on the list acceptable to both parties, then the parties will each rank the mutually acceptable names in order of preference, with the person receiving the highest combined preference ranking being selected as arbitrator.
- If there is no person on the first list acceptable to both parties, then a second list will be requested from the Tribunal, and the same process will be followed as with the first list.
- If there is no person on the second list acceptable to both parties, then a third list will be requested, and the same process will be followed as with the first and second lists. If this does not result in the selection of an arbitrator then the parties shall alternately strike names from the third list until only one name remains. A coin flip will determine which party shall strike first, with the employee calling "heads" or "tails."

**Expenses of the Arbitration**

The expense of the arbitrator will be borne entirely by the Company.

Each side will be entitled to use a representative, including an attorney, at the arbitration. Each side will bear its own deposition, witness, expert, attorneys' fees, and other expenses to the same extent as if the matter were being heard in court. If, however, any party prevails on a claim, which (if brought in court) affords the prevailing party attorneys' fees and/or costs, then the arbitrator may award reasonable fees and/or costs to the prevailing party to the same extent as would apply in court. The arbitrator will resolve any dispute as to who is the prevailing party and as to the reasonableness of any fee or cost.

Either party may request that a court reporter be used during the proceedings, at the requesting party's own expense.

*Continued on next page*

Exhibit I
107

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 9 of 11
15 September 2006

**Arbitration Procedures (Continued)**

Any time you spend preparing for or attending the hearing in connection with the arbitration of any claim is not work time and will not be paid for by the Company. However, if you are subpoenaed to appear as a witness in an arbitration where you are not a party, the normal Company rules applicable to paying for time spent as a witness will apply.

## Authority Of The Arbitrator

To the fullest extent permitted by law, all matters of procedure, arbitrability of the issues, the location, and the conduct of the hearing will be determined by the arbitrator, consistent with The Arbitration Rules; provided, however, that, unless you and the Company agree otherwise, the arbitration will be held in the city nearest to the work location where you are or were principally assigned.

The arbitrator will have authority to decide any disputes regarding discovery. If any party seeks to notice more than three depositions in connection with a claim, the parties shall first hold a joint meeting with the arbitrator to discuss discovery issues, limitations, and scheduling.

The arbitrator may bifurcate the proceedings in order to rule first on whether any claim presented is arbitrable. The arbitrator may also bifurcate issues of liability from issues of damages or remedy.

The arbitrator may award any remedy that could be awarded by a court, including, for example, back pay, compensatory damages, preliminary and/or permanent injunctive relief, and/or punitive damages.

## Decision of the Arbitrator

The arbitrator shall issue a written opinion stating the essential findings and conclusions upon which the arbitrator's award is based. The arbitrator shall serve the award by mail on you and the Company. The parties will jointly request that the arbitrator issue this written opinion within thirty calendar days after the close of the hearing or briefing.

The decision of the arbitrator will be final and binding upon you and the Company. A reviewing court may only confirm, correct, or vacate an award in accordance with the standards set forth in the Federal Arbitration Act, 9 U.S.C. §§ 1-16, or applicable state law.

*Continued on next page*

**Exhibit I
108**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 10 of 11
15 September 2006

**Class Action Claims**

To the extent it is permissible to do so in the jurisdiction where the arbitration is held and (if applicable) the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced, both you and the Company waive the right to bring any covered claim under this Program as a class action. In jurisdictions where this is permissible, the arbitrator will not have authority or jurisdiction to consolidate claims of different employees into one proceeding, nor shall the arbitrator have authority or jurisdiction to hear the arbitration as a class action.

In any jurisdiction where the class action waiver described above is not permitted by law or is not enforceable, the issue of whether to certify any alleged or putative class for a class action proceeding must be decided by a court of competent jurisdiction. The arbitrator will not have authority or jurisdiction to decide class certification issues. Until any class certification issues are decided by the court, all arbitration proceedings shall be stayed, and the arbitrator shall take no action with respect to the matter. However, once any issues regarding class certification have been decided by the court, the arbitrator will have authority to decide the substantive claims on an individual or a class basis, as may be determined and directed by the court.

**Modification of Program/ Relationship to Other Agreements**

The Company reserves the right to modify this Program; provided, however, that any future modification will not apply to claims which arose prior to the effective date of the modification. A dispute "arises" with respect to a particular claim at the time that the statute of limitations on that claim begins to run. Notwithstanding any future modification of this Program, the obligation to arbitrate covered claims as set forth herein shall continue in effect as to all claims which arose prior to the effective date of the modification, unless you and an authorized representative of the Law Department agree otherwise in writing. Nothing in this section limits the Company's right to modify any policy, procedure, or business practice other than the provisions of this Program.

*Continued on next page*

**Exhibit I**
**109**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 11 of 11
15 September 2006

**Modification of Program/ Relationship to Other Agreements (continued)**

To the extent that you and the Company have previously entered into any agreement to arbitrate particular claims, such prior agreement will remain in effect notwithstanding this Program. To the extent that a particular claim is covered by an obligation to arbitrate under both this Program and such a prior agreement, the provisions of this Program shall govern any claims which arise on or after 1 November 2006, and the provisions of the prior agreement to arbitrate shall govern any claims which arose before that date. To the extent that this Program is found or held to be inapplicable to a particular claim or ineffective to require arbitration of such claim, then arbitration may be compelled under any prior agreement to arbitrate. To the extent that any prior agreement to arbitrate is found or held to be inapplicable to a particular claim or ineffective to require arbitration of such claim, then arbitration may be compelled under this Program.

**Employment At-Will**

Nothing in the Dispute Resolution Process (see CO No. H103) or this Program creates or shall be construed to create a contract of continued employment, express or implied, or to alter the at-will nature of any employee's employment.

**Severability**

In the event any court finds any portion of this Program to be unenforceable, the unenforceable section(s) or provision(s) will be severed from the rest, and the remaining section(s) or provisions(s) will be otherwise enforced as written.

Issued by:  Corporate Command Media (90/132/CC)

**Exhibit I**
**110**

## DECLARATION OF ELECTRONIC MAIL DELIVERY

I, Gina Piellusch, declare and state as follows:

1. If called to testify, I could and would competently testify to the following facts which are within my own personal knowledge.

2. I am employed by Northrop Grumman Corporation (the Company) in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to any action wherein the following e-mail delivery is in issue. I am a Manager, Employee Communications for the Company, at whose direction the e-mail delivery was made. My job responsibilities include e-mail communications and delivery of Company notifications and other information to employees through distribution lists to the respective e-mail servers. My business address is 1840 Century Park East, Los Angeles, CA 90067.

3. I am readily familiar with the Company's practice of collection and processing corporate-wide e-mail distributions/notices for e-mail. The Company uses Microsoft Outlook 2003 in its e-mail program. The software program allows e-mail messages to be distributed to the respective e-mail servers that in turn receive the e-mail message and allow the message to be displayed on the computer accessed by the employee on that same day. The software also has a feature that allows the sender to receive confirmation when an e-mail message is delivered. When such confirmation is requested, the resulting confirmation list is e-mailed back to the sending e-mail box, titled HR-DRA.

4. On September 29, 2006, and in the ordinary course of business, I sent the documents, contained in Exhibit A to this declaration, described as the:

**IAN ZISKIN ANNOUNCEMENT OF UPDATED DISPUTE RESOLUTION PROCESS; THE DISPUTE RESOLUTION PROCESS (CO NO. H103); AND THE EMPLOYEE MEDIATION/BINDING ARBITRATION PROGRAM (CO NO. H103A),**

Exhibit I
111

to the Company e-mail addresses contained in Exhibit B to this declaration.  I

obtained a copy of these addresses (Exhibit B) from files the Company maintains

in the ordinary course of business.

    5.  In addition, the information was published on the Company's intranet, the

Gateway.  The Gateway is available for all employees to view Company-related

information.  Attached is a copy of the Gateway website on September 29, 2006

that published the update to the Dispute Resolution Process (Exhibit C).  The

Gateway also provided a link to the Human Resources & Administration (HR&A)

website which contained additional information, including links to the documents

contained in Exhibit A, and the Summary of Updates to Dispute Resolution

Process (Exhibit D).  Attached is a copy of the HR&A website on September 29,

2006 (Exhibit E).

    I declare under penalty of perjury under the laws of state of California, and the

United States of America that the foregoing is true and correct.

    EXECUTED on October 5, 2006, in Los Angeles County, California.

_Gina Piellusch_ (signature)

Gina Piellusch

2

Exhibit I
112

# Northrop Grumman
# Delivery Receipts Tracking System

Page 1 of 1

**Delivery Receipt for Message:**     DRP 9/29/2006

**Delivery Receipt For:**          **Zinzow, Alan**

**Delivery Receipt Information:**

| | |
|---|---|
| To: | Northrop Grumman Employees |
| From: | System Administrator |
| Subject: | Delivered:Updated Dispute Resolution Process (Company Announcement) |
| Received: | 9/29/2006 8:40:40 PM      Original Message Size (in characters): 798,185 |
| Body: | Your message |

        To:☐Northrop Grumman Employees
        Subject:☐Updated Dispute Resolution Process (Company Announcement)
        Sent:☐9/29/2006 8:18 PM

    was delivered to the following recipient(s):

        Zinzow, Alan on 9/29/2006 8:41 PM

**Exhibit I**
**113**

# EXHIBIT J

**NORTHROP GRUMMAN**

### SUMMARY OF UPDATES TO DISPUTE RESOLUTION PROCESS

- **Why are we updating the DRP?**

  Since its inception in May 2004, we have received important feedback about the
  Dispute Resolution Process from employees, Human Resources professionals
  and management corporate-wide who have administered or participated in the
  process. As a result of this feedback, we updated and improved the DRP with
  the highlights mentioned below.

- **What has changed?**

  o **Renaming H103A as the Mediation/Binding Arbitration Program**

  H103A now provides more detail about the legal aspects of the process—
  mediation and arbitration—and has been re-named the Employee
  Mediation/Binding Arbitration Program. This is important because the
  comprehensive information regarding these two aspects of the DRP is now
  exclusively contained within that document.

  o **More Detailed Explanation of Time to File a Claim in
    Mediation/Arbitration Where an Administrative Agency is Involved**

  H103A continues to make it clear that employees may, but are not required to,
  file certain claims with certain administrative agencies (e.g., the EEOC).
  However, if an employee elects not to file with an administrative agency, the time
  limits to file a claim for mediation/arbitration will be calculated based on the time
  limits within which the employee is required to file with the administrative agency.
  The updated policy provides an additional 30 days for an employee to demand
  arbitration beyond the last date he or she could have filed with the agency.

  o **Less Complex Process for Selecting a Mediator**

  H103A now states that if the parties are unable to agree on a mediator (a rare
  event), only one list of names of mediators from the Judicial Arbitration and
  Mediation Service (JAMS) or the American Arbitration Association (AAA) will be
  sought (instead of up to three lists). For arbitration, however, the policy remains
  the same in that the parties may seek up to three lists to select an arbitrator.

**NORTHROP GRUMMAN**

Summary Of Updates To Dispute Resolution Process
Page2

> o **Deletion of Requirement to File for Arbitration Within 60 Days of
>   Unsuccessful Mediation or Rejection of Request for Mediation**

H103A previously provided that if one party declines a Request for Mediation, or
if mediation occurs but the parties were unable to resolve the dispute, the party
making the claim had 60 days to file a Demand for Arbitration. The revised
H103A eliminates this 60-day time limit, and now the parties may demand
arbitration at any time within the legally established time limits to make the claim.

> o **Clarification That Employee Time Spent in Mediation/Arbitration is
>   Not Paid Time**

H103A specifies that any time an employee spends preparing for or attending a
mediation or an arbitration of his or her claim is not work time and will not be paid
for by the Company. This clarifies existing Company practice.

> o **Information about Class Actions**

H103A now discusses class actions and states that in those jurisdictions where
parties to an arbitration agreement can lawfully waive the right to file class
actions, both the Company and the employee agree to waive this right. In other
jurisdictions, a court will hear any case brought as a purported class action up to
the point of a ruling on a motion to certify whether or not there is in fact a valid
class, and following that ruling the arbitrator will take over the case.

- **How does the DRP Relate to Prior Agreements or Policies?**

The revised H103A addresses the situation where an employee has previously
signed a pre-hire arbitration agreement or was subject to a legacy/heritage
arbitration policy, and states that to the extent the prior agreement or policy is
legally enforceable, it governs any claims brought before the effective date of the
revised H103A (November 1, 2006), but that the revised H103A will govern any
future claims to the extent permitted by law.

**The above is a brief summary of changes to these Corporate policies. For
complete and detailed information, please consult <u>CO No. H103</u> and <u>CO No. H103A</u>.**

**Exhibit J**
**116**

# EXHIBIT K

**From:** HR-DRA
**Sent:** Tuesday, February 16, 2010 8:36 AM
**To:** Northrop Grumman Employees
**Subject:** Message from Ian Ziskin Regarding Updated Dispute Resolution Process

**Process relevant only to employees covered by U.S. law and not represented by labor unions**

**Please read this message and its attachment carefully.**

February 16, 2010

To Northrop Grumman Employees:

In February 2004 the company established our Dispute Resolution Process, a comprehensive problem-solving process for our employees. It applies to all of our employees, except those represented by labor unions and those employees not covered by U.S. laws. Our Dispute Resolution Process has three internal steps (the Informal Process, Administrative Officer Review and the Management Appeals Committee) and two external steps (Mediation and Arbitration). The last revisions to this process were communicated to you in 2006.

Our process has been very effective in resolving employee problems and disputes fairly and efficiently, to the great benefit of our employees. However, in light of recent changes in federal law, we want to make you aware of a modification to the Arbitration step. Effective immediately, the following provision has been incorporated into the Employee Mediation/Binding Arbitration Program (CO No. H1O3A):

> Under this Program, no employee is required to arbitrate any claim under Title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment, including assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention. Employees may, but are not required to, request arbitration of such claims. This paragraph is intended to implement the provisions of section 8116 of Public Law 111-118 (popularly known as the Franken Amendment), and shall be interpreted and applied consistent with the scope of the Franken Amendment and its implementing regulations. This paragraph applies to claims that arose before or after the date this Program was amended to add this paragraph.

The revised version of CO No. H103A is attached and available on the Command Media Web site.

If you any have any questions about dispute resolution, or if you are unable to open the attachment or access the Web links, please contact your Human Resources business partner.

sig:\
Ian Ziskin
Corporate Vice President and
Chief Human Resources and Administrative Officer

**Exhibit K**
**118**

| NORTHROP GRUMMAN | | CO NO. H103A | |
|---|---|---|---|
| **CORPORATE PROCEDURE** | | PAGE 1 of 12 | |
| Subject: EMPLOYEE MEDIATION/BINDING ARBITRATION PROGRAM | | DATE 15 February 2010 | |
| | | SUPERSEDES 15 September 2006 | |
| AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY. VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE. | | REVISION * Denotes (3 yr. review) | |

**Process Owner**

Primary Responsibility – Corporate Vice President, Human Resources and Administration

Functional Responsibility – Director of Compensation and Human Resources

**Authorization of Currency and Accuracy**

This procedure is authorized by the Process Owner on **15 February 2010** for a period of three years from this date. At the end of this period, this procedure must be reauthorized by the Process Owner in accordance with CO No. A101, Northrop Grumman Command Media System. Revisions published in the interim may not necessarily satisfy this requirement.

**In This Procedure**

This procedure sets forth the process and requirements for mediation and binding arbitration as referenced in CO No. H103, Dispute Resolution Process.

**Applicable To**

This Program covers all employees of Northrop Grumman, its subsidiaries, and its other affiliated entities (the "Company"), who are employed on or after 1 November 2006, except the following individuals:

- Applicants not yet employed;
- Employees represented by a labor union; and
- Employees not covered by U.S. law.

By accepting or continuing employment on or after 1 November 2006, all covered employees agree to submit any covered disputes to binding arbitration, rather than to have such disputes heard by a court or jury.

**Forms**

The following Corporate forms may be used in the Mediation and Binding Arbitration process:

- Form C-606, Request For Mediation
- Form C-607, Demand For Arbitration

*Continued on next page*

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY. VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 2 of 12
15 February 2010

---

**General**

This document describes in further detail the mediation and binding arbitration process referenced in <u>CO No. H103</u>. Employees should read this document carefully to ensure a full understanding of the process, their rights, and the Company's rights. Employees should refer any questions about these processes to Human Resources at their business unit, or to the Law Department.

---

**Claims Covered**

Either you or the Company are entitled to request mediation of any claim covered by this Program. Both you and the Company agree to submit all claims covered by this Program to binding arbitration, rather than to have such claims heard by a court or jury. The parties' obligation to arbitrate claims under this Program may be enforced in any court of competent jurisdiction, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, or applicable state law.

Except as expressly provided below, this Program covers and applies to any claim, controversy, or dispute, past, present, or future:

- Which in any way arises out of, relates to, or is associated with your employment with the Company, the termination of your employment, or any communications with third parties regarding or related to your employment; and

- As to which a court would be authorized by law to grant relief if the claim were successful.

This Program covers claims that the Company may have against you or your successors and assigns and covers claims that you may have against the Company or any of its successors and assigns. This Program also covers any claims that you may have against any agents or employees of the Company, if the Company could be liable, directly or indirectly, for such claims.

This Program does not apply to or cover claims:

- As to which an agreement to arbitrate such claims is prohibited by law;
- For workers' compensation benefits;
- For unemployment insurance benefits;
- Involving an employee's tax withholdings;
- Covered under the National Labor Relations Act and within the exclusive jurisdiction of the National Labor Relations Board; or

---

*Continued on next page*

**Exhibit K**
**120**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 3 of 12
15 February 2010

**Claims Covered (continued)**

- For benefits under an Employee Benefits Plan, the terms of which contain an arbitration or ERISA claims procedure, in which case the provisions of that plan apply.

Examples of claims which are covered by this Program include, but are not limited to, claims for:

- Wages or other compensation due;
- Breach of any contract or covenant, express or implied;
- Personal injury, defamation, or other tort claims, except to the extent any such claim would be covered under applicable workers' compensation law;
- Unlawful discrimination or harassment, including but not limited to discrimination or harassment based on race, sex, religion, national origin, age, disability, or any other status as protected and defined by applicable law;
- Unlawful retaliation;
- Benefits, except as expressly excluded above; and
- Any violation of applicable federal, state, or local law, statute, ordinance, or regulation.

* As set forth by this Program, no employee is required to arbitrate any claim under Title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment, including assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention. Employees may, but are not required to, request arbitration of such claims. This paragraph is intended to implement the provisions of Public Law 111 P.L. 118, popularly known as the Franken Amendment, and shall be interpreted and applied consistently with the scope of the Franken Amendment. This paragraph applies to claims which arose before or after the date this Program was amended to add this paragraph.

The obligations set forth in this Program (both yours and the Company's) survive your employment relationship with the Company, and apply to any covered claim whether it arises or is asserted during or after termination of your employment with the Company.

By accepting or continuing employment, employees covered by this Program agree to submit any covered claims to binding arbitration, rather than to have such claims heard by a court, jury, or government agency. However, to the extent that applicable law permits the filing of a charge or complaint with a government agency notwithstanding an agreement to arbitrate, nothing in this Program shall be construed to limit your right to file such a charge or complaint with such a government agency.

*Continued on next page*

**Exhibit K
121**



CO No. H103A
Page 4 of 12
15 February 2010

**Claims Covered (continued)**

If it is a legal requirement that you pursue or exhaust available remedies with a government agency before bringing a claim in court, you are **not required** to do so before demanding arbitration under this Program. The Company expressly waives any right to require you to pursue or exhaust remedies before any government agency as a condition to arbitrating covered claims under this Program.

To the fullest extent permitted by law in the jurisdiction where the arbitration is held and, if applicable, the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced, either party retains all rights to seek a preliminary injunction or other provisional relief to maintain the status quo pending the outcome of the arbitration.

Note that the claims covered by this Program are not identical to the claims which may be submitted to the internal dispute resolution process through the Informal Review, Administrative Officer Review, and Management Appeals Committee of the Dispute Resolution Process. See CO No. H103 for more information).

**Mediation**

Mediation is a process where an outside, impartial mediator, a person trained to help parties resolve disputes, meets with the parties and tries to bring about a voluntary and mutually agreeable resolution of the dispute. Mediation often results in the resolution of a dispute, and you are encouraged, but not required, to use mediation before demanding arbitration of a claim. However, mediation is not mandatory and either you or the Company can refuse to mediate a claim. You are encouraged, but not required, to use Form C-606, Request For Mediation, to initiate this process.

Your request for mediation should be delivered to:

Office of the General Counsel
1840 Century Park East
Los Angeles, CA 90067

If the Company makes a request for mediation to you, it will be delivered to the last address recorded in your personnel file. Any request for mediation must be in writing and should describe the dispute sufficiently for the mediator and the other party to understand the issues.

*Continued on next page*

**Exhibit K**
**122**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 5 of 12
15 February 2010

---

**Mediation
(continued)**

In the event that both parties agree to mediation, the following procedures will be followed:

- You (or your representative) and the Company's representative will confer to select a mediator.

- If you and the Company are not able to agree on a mediator, then the parties will select a mediator by requesting a list of mediators supplied by an outside source, either the Judicial Arbitration and Mediation Service (JAMS) or the American Arbitration Association (AAA). The party who did not initiate the mediation can choose between JAMS or AAA.

- If there is a name on the list acceptable to both parties, then that person is selected as the mediator. If there is no person on the list acceptable to both parties, then the parties will strike names alternately from the list until only one name remains. A coin flip will determine which party shall strike first, with the employee calling "heads" or "tails."

- Once the mediator is selected, he or she schedules a mediation conference at a time convenient to all parties. Unless you and the Company agree otherwise, the mediation will be held in the city nearest to the work location where you are or were principally assigned. All matters of procedure, the location, and the conduct of the mediation conference will be determined by the mediator, in consultation with the parties.

Any time you spend preparing for or attending the mediation is not work time and will not be paid for by the Company.

The Company pays all the costs of mediation. Both you and the Company are entitled to use a representative, including an attorney, at the mediation. The expense of each party's representative will be the responsibility of that party.

**Time And
Method To
Demand
Arbitration**

Either you or the Company may demand arbitration of a covered claim within the same time limits which would apply if that claim were brought in court. Claims which would be barred by the statute of limitations, the doctrine of laches, or other applicable law if brought in court will also be barred in any arbitration under this Program.

*Continued on next page*

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 6 of 12
15 February 2010

**Time And
Method To
Demand
Arbitration
(continued)**

If the time to file a covered claim in court would run from the date that you
pursue or exhaust remedies before a government agency, and you elect not to
pursue or exhaust your claim before that government agency, then a demand
for arbitration of such claim must be made within thirty (30) days of the last
day on which a claim, charge, or complaint could have been timely filed with
the government agency.

The time to demand arbitration will not be affected by the fact that you may
choose to pursue internal dispute resolution procedures under the Informal
Review, Administrative Officer Review, and Management Appeals
Committee processes of the Dispute Resolution Process, or may choose to
pursue mediation under this Program. However, the time to demand
arbitration may be extended by mutual agreement between you and the
Company, if such agreement is in writing and is signed by you and by an
authorized representative of the Law Department.

In order to demand arbitration under this Program, you must deliver your
demand to:

Office of the General Counsel
1840 Century Park East
Los Angeles, CA 90067

In order to demand arbitration under this Program the Company must deliver
its demand to the last address recorded in your personnel file. A demand for
arbitration will be deemed delivered when it is actually delivered to the
address specified herein, or when it is mailed to that address by certified or
registered mail, return receipt request.

Form C-607 may be used to demand arbitration, but is not required.
However, a demand for arbitration must be in writing and must identify the
claim or claims in dispute with the same specificity as would be required if
the claim was asserted in court. If the claim is not identified or described
with sufficient specificity, then the arbitrator shall have the power to require
the party demanding arbitration to present a more detailed statement of the
claim.

Note: If either you or the Company fail to deliver a timely Demand for
Arbitration of a claim in the manner described above, the claim may be
waived and forever lost.

*Continued on next page*

**Exhibit K
124**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 7 of 12
15 February 2010

**Arbitration Procedures**

Any arbitration under this Program will be governed by those procedures which are required by law as a prerequisite to a valid and enforceable agreement to arbitrate claims in the jurisdiction where the arbitration is held and, if applicable, the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced. All such legally required procedures shall be deemed incorporated herein. To the extent that they are not inconsistent with such legally required procedures, the procedures set forth in this Program will apply.

<u>Selection of Tribunal and Arbitrator</u>

The party who did not initiate the arbitration can choose between either the JAMS or the AAA (the "Tribunal") to administer the arbitration. If the party who did not initiate the arbitration does not choose a Tribunal within twenty (20) calendar days after being served with the Demand for Arbitration, then the party who initiated the arbitration may choose the Tribunal. A Tribunal will be deemed chosen when notice of such choice is served on the other party by the same method provided herein for service of a Demand for Arbitration.

Except to the extent that they are inconsistent with those procedures which are required by law as a prerequisite to a valid and enforceable agreement to arbitrate claims in the jurisdiction where the arbitration is held and (if applicable) the jurisdiction where the parties' obligation to arbitrate claims under this Program is enforced, or are inconsistent with the express procedures set forth in this Program, the arbitrator will apply the Tribunal's then-current Arbitration Rules and Procedures for Employment Disputes, or equivalent. In other words, the arbitrator will first apply any legally required rules, which supersede all other rules if there is an inconsistency; the arbitrator will next apply the specific provisions set forth in this Program, which supersede the Tribunal's Rules if there is an inconsistency; and finally the arbitrator will apply the Tribunal's Rules. Copies of the rules of the Tribunals may be obtained through the employee's site Human Resources manager or at the websites of the AAA (www.adr.org) and/or JAMS (www.jamsadr.com). The rules and procedures required by applicable law, this Program, and the Tribunal's Rules, are referred to herein collectively as "The Arbitration Rules."

*Continued on next page*

**Exhibit K
125**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 8 of 12
15 February 2010

**Arbitration Procedures (continued)**

The parties will confer in an attempt to agree on a mutually acceptable arbitrator.  If the parties are unable to agree on an arbitrator, then an arbitrator will be selected as follows:

- The parties request a list of proposed arbitrators.  If there is a name on the list acceptable to both parties, that person will be selected as the arbitrator.  If there is more than one name on the list acceptable to both parties, then the parties will each rank the mutually acceptable names in order of preference, with the person receiving the highest combined preference ranking being selected as arbitrator.

- If there is no person on the first list acceptable to both parties, then a second list will be requested from the Tribunal, and the same process will be followed as with the first list.

- If there is no person on the second list acceptable to both parties, then a third list will be requested, and the same process will be followed as with the first and second lists.  If this does not result in the selection of an arbitrator then the parties shall alternately strike names from the third list until only one name remains.  A coin flip will determine which party shall strike first, with the employee calling "heads" or "tails."

Expenses of the Arbitration

The expense of the arbitrator will be borne entirely by the Company.

Each side will be entitled to use a representative, including an attorney, at the arbitration.  Each side will bear its own deposition, witness, expert, attorneys' fees, and other expenses to the same extent as if the matter were being heard in court.  If, however, any party prevails on a claim, which (if brought in court) affords the prevailing party attorneys' fees and/or costs, then the arbitrator may award reasonable fees and/or costs to the prevailing party to the same extent as would apply in court.  The arbitrator will resolve any dispute as to who is the prevailing party and as to the reasonableness of any fee or cost.

Either party may request that a court reporter be used during the proceedings, at the requesting party's own expense.

*Continued on next page*

**Exhibit K**
**126**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 9 of 12
15 February 2010

**Arbitration Procedures (Continued)**

Any time you spend preparing for or attending the hearing in connection with the arbitration of any claim is not work time and will not be paid for by the Company. However, if you are subpoenaed to appear as a witness in an arbitration where you are not a party, the normal Company rules applicable to paying for time spent as a witness will apply.

<u>Authority Of The Arbitrator</u>

To the fullest extent permitted by law, all matters of procedure, arbitrability of the issues, the location, and the conduct of the hearing will be determined by the arbitrator, consistent with The Arbitration Rules; provided, however, that, unless you and the Company agree otherwise, the arbitration will be held in the city nearest to the work location where you are or were principally assigned.

The arbitrator will have authority to decide any disputes regarding discovery. If any party seeks to notice more than three depositions in connection with a claim, the parties shall first hold a joint meeting with the arbitrator to discuss discovery issues, limitations, and scheduling.

The arbitrator may bifurcate the proceedings in order to rule first on whether any claim presented is arbitrable. The arbitrator may also bifurcate issues of liability from issues of damages or remedy.

The arbitrator may award any remedy that could be awarded by a court, including, for example, back pay, compensatory damages, preliminary and/or permanent injunctive relief, and/or punitive damages.

<u>Decision of the Arbitrator</u>

The arbitrator shall issue a written opinion stating the essential findings and conclusions upon which the arbitrator's award is based. The arbitrator shall serve the award by mail on you and the Company. The parties will jointly request that the arbitrator issue this written opinion within thirty calendar days after the close of the hearing or briefing.

The decision of the arbitrator will be final and binding upon you and the Company. A reviewing court may only confirm, correct, or vacate an award in accordance with the standards set forth in the Federal Arbitration Act, 9 U.S.C. §§ 1-16, or applicable state law.

*Continued on next page*

**Exhibit K**
**127**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY.
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE.

CO No. H103A
Page 10 of 12
15 February 2010

**Class Action
Claims**

To the extent it is permissible to do so in the jurisdiction where the arbitration
is held and (if applicable) the jurisdiction where the parties' obligation to
arbitrate claims under this Program is enforced, both you and the Company
waive the right to bring any covered claim under this Program as a class
action.  In jurisdictions where this is permissible, the arbitrator will not have
authority or jurisdiction to consolidate claims of different employees into one
proceeding, nor shall the arbitrator have authority or jurisdiction to hear the
arbitration as a class action.

In any jurisdiction where the class action waiver described above is not
permitted by law or is not enforceable, the issue of whether to certify any
alleged or putative class for a class action proceeding must be decided by a
court of competent jurisdiction.  The arbitrator will not have authority or
jurisdiction to decide class certification issues.  Until any class certification
issues are decided by the court, all arbitration proceedings shall be stayed, and
the arbitrator shall take no action with respect to the matter.  However, once
any issues regarding class certification have been decided by the court, the
arbitrator will have authority to decide the substantive claims on an individual
or a class basis, as may be determined and directed by the court.

**Modification of
Program/
Relationship to
Other
Agreements**

The Company reserves the right to modify this Program; provided, however,
that any future modification will not apply to claims which arose prior to the
effective date of the modification.  A dispute "arises" with respect to a
particular claim at the time that the statute of limitations on that claim begins
to run.  Notwithstanding any future modification of this Program, the
obligation to arbitrate covered claims as set forth herein shall continue in
effect as to all claims which arose prior to the effective date of the
modification, unless you and an authorized representative of the Law
Department agree otherwise in writing.  Nothing in this section limits the
Company's right to modify any policy, procedure, or business practice other
than the provisions of this Program.

*Continued on next page*

**Exhibit K
128**

AUTHORIZED DOCUMENTS ARE PUBLISHED ONLINE ONLY
VERIFY ANY COPY AGAINST THE ONLINE SYSTEM BEFORE USE

CO No. H103A
Page 11 of 12
15 February 2010

| | |
|---|---|
| **Modification of Program/ Relationship to Other Agreements (continued)** | To the extent that you and the Company have previously entered into any agreement to arbitrate particular claims, such prior agreement will remain in effect notwithstanding this Program. To the extent that a particular claim is covered by an obligation to arbitrate under both this Program and such a prior agreement, the provisions of this Program shall govern any claims which arise on or after 1 November 2006, and the provisions of the prior agreement to arbitrate shall govern any claims which arose before that date. To the extent that this Program is found or held to be inapplicable to a particular claim or ineffective to require arbitration of such claim, then arbitration may be compelled under any prior agreement to arbitrate. To the extent that any prior agreement to arbitrate is found or held to be inapplicable to a particular claim or ineffective to require arbitration of such claim, then arbitration may be compelled under this Program. |
| **Employment At-Will** | Nothing in the Dispute Resolution Process (see <u>CO No. H103</u>) or this Program creates or shall be construed to create a contract of continued employment, express or implied, or to alter the at-will nature of any employee's employment. |
| **Severability** | In the event any court finds any portion of this Program to be unenforceable, the unenforceable section(s) or provision(s) will be severed from the rest, and the remaining section(s) or provisions(s) will be otherwise enforced as written. |

*Continued on next page*

**Exhibit K**
**129**



CO No. H103A
Page 12 of 12
15 February 2010

**References**

**Policies**
None

**Procedures**
CO No. A101, Northrop Grumman Command Media System
CO No. H103, Dispute Resolution Process

**Topical Manuals**
None

**Work Instructions**
None

**Forms/Checklists**
Form C-606, Request For Mediation
Form C-607, Demand For Arbitration

**Other**
www.adr.org
www.jamsadr.com

**Feedback**

Have feedback or suggested change regarding this procedure or a form?
Click Here.

Issued by:  Corporate Command Media

**Exhibit K**
**130**

## DECLARATION OF ELECTRONIC MAIL DELIVERY

I, Alexis Goubran, declare and state as follows:

1. If called to testify, I could and would competently testify to the following facts which are within my own personal knowledge.

2. I am employed by Northrop Grumman Corporation (the Company) in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to any action wherein the following e-mail delivery is in issue. I am a Manager, Employee Communications for the Company, at whose direction the e-mail delivery was made. My job responsibilities include e-mail communications and delivery of Company notifications and other information to employees through distribution lists to the respective e-mail servers. I am also familiar with the posting of communications to employees by the company on the company intranet. My business address is 1840 Century Park East, Los Angeles, CA 90067.

3. I am readily familiar with the Company's practice of collection and processing corporate-wide e-mail distributions/notices for e-mail. The Company uses Microsoft Outlook 2007 in its e-mail program. The software program allows e-mail messages to be distributed to the respective e-mail servers that in turn receive the e-mail message and allow the message to be displayed on the computer accessed by the employee on that same day in the ordinary course of business.

4. On February 16, 2010, and in the ordinary course of business, I sent the documents, contained in Exhibit A to this declaration, described as the:

- IAN ZISKIN ANNOUNCEMENT OF UPDATED DISPUTE RESOLUTION PROCESS; AND
- THE EMPLOYEE MEDIATION/BINDING ARBITRATION PROGRAM (CO NO. H103A),

**Exhibit K**
**131**

to the Company e-mail addresses contained in Exhibit B to this declaration.  I obtained a copy of these addresses (Exhibit B) from files the Company maintains in the ordinary course of business.

5.  In addition, the two documents contained in Exhibit A and referenced in numbered paragraph 4 above, were published on the company's intranet, on the Human Resources & Administration (HR&A) website.  The company's intranet is available for all employees to view Company-related information.  The Human Resources & Administration (HR&A) website within the company's intranet also provided the information regarding the updated information, including links to the documents contained in Exhibit A,  Attached is a copy of the HR&A website on February 16, 2010 (Exhibit C).

I declare under penalty of perjury under the laws of state of California, and the United States of America that the foregoing is true and correct.

EXECUTED  this 29 day of March, 2010, in Los Angeles County, California.

Alexis Goubran

2

**REDACTED**

Zinzow, Alan M (AS)          alan.zinzow@ngc.com          AS

# EXHIBIT L

Exhibit L
134



NOC - Human Resources & Administration - Windows Internet Explorer provided by Northrop Grumman Corporation

http://hra.northgrum.com/HRAWeb/

File Edit View Favorites Tools Help

NORTHROP GRUMMAN

# HUMAN RESOURCES & ADMINISTRATION

COMPANY INTRANET | HR&A HOME | HRPC | ORG CHART | CAREERS | WORK LIFE

- Compensation, Benefits & International
- Employee Relations
- Enterprise Talent Acquisition
- Ethics & Diversity
- HRIS
- Security

## CORPORATE HUMAN RESOURCES & ADMINISTRATION

### Ian's Message

We have a lot of important and challenging work ahead, much of it built on a platform of strategic HR&A priorities we have created together over the past two and one-half years. Accordingly, we will continue to focus on four key imperatives:

1. Quality of Leadership
2. Capacity for Change
3. Operational Excellence
4. HR&A Functional Excellence

### Latest News & Events

View All

Updates to H103A, Dispute Resolution Process

The Dispute Resolution Process, Employee Mediation/Binding Arbitration Program (CO No. H103A) has been updated due to recent legislation regarding claims covered by arbitration.

Click here ▸ to access the revised version on the Command Media site.

If you any have any questions about dispute resolution, please contact your Human Resources business partner.

Ian Ziskin's Message Regarding Updated Dispute Resolution Process

### Key Internet Links

Select an Internet Link

### Browse Other HR&A Sites

Select an HR&A Site

### Feedback

We appreciate your interaction with us and will continue to support you. You can view the archive of previously submitted questions by CLICKING HERE.

If your current question is not addressed, please contact your local HR Business Partner for assistance.

### HR&A Video Showcase

Events after May 2008

Events before May 2008

### HR&A Tools

- Competency Model
  - Human Resources
  - Leadership
- Concur
- Corporate Office Intranet
- eCards
- eComp
- EDGE - Travel

Error on page | Local intranet | 100%

NOC - Human Resources & Administration

2/16/2010

COMPANY INTRANET    HR&A HOME    HRPC    ORG CHART    CAREERS    WORK LIFE

- Compensation, Benefits & International
- Employee Relations
- Enterprise Talent Acquisition
- Ethics & Diversity
- HRIS
- Security

## CORPORATE HUMAN RESOURCES & ADMINISTRATION

**Ian's Message**

We have a lot of important and challenging work ahead, much of it built on a platform of strategic HR&A priorities we have created together over the past two and one-half years. Accordingly, we will continue to focus on four key imperatives:

1. Quality of Leadership
2. Capacity for Change
3. Operational Excellence
4. HR&A Functional Excellence

**Key Internet Links**

Select an Internet Link

**Browse Other HR&A Sites**

Select an HR&A Site

**Feedback**

We appreciate your interaction with us and will continue to support you. You can view the archive of previously submitted questions by CLICKING HERE.

If your current question is not addressed, please contact your local HR Business Partner for assistance.

**HR&A Video Showcase**

Events after May 2008

Events before May 2008

**HR&A Tools**

Competency Model
- Human Resources
- Leadership



http://hra.northgrum.com/HRAWeb/

Exhibit L
136

NOC - Human Resources & Administration

2/16/2010

| Latest News & Events | View All |

**Updates to H103A, Dispute Resolution Process**

The Dispute Resolution Process, Employee Mediation/Binding Arbitration Program (CO No., H103A) has been updated due to recent legislation regarding claims covered by arbitration.

**Click here**  to access the revised version on the Command Media site.

If you any have any questions about dispute resolution, please contact your Human Resources business partner.

**Ian Ziskin's Message Regarding Updated Dispute Resolution Process**

---

Concur

Corporate Office Intranet

eCards

eComp

EDGE - Travel

e-Learning

E-mail Etiquette

Employee Direct Access

HR Service Center

LEAD1NG

PERFORM1NG

Phone Book

SAP CATS Timekeeping

---

Corporate HR&A Home  |  Contact Us  |  Privacy Policy  |  Site Map

Copyright © 2006 Northrop Grumman Corporation. All rights reserved.

http://hra.northgrum.com/HRAWeb/

**Exhibit L**
**137**

# EXHIBIT M

NORTHROP GRUMMAN PRIVATE – LEVEL 1

**Memorandum**
Aerospace Systems
Strike and Surveillance Systems Division                    In reply refer to

To          Alan Zinzow,   REDACTED          From   Wayne Dobias

Subject     DISCIPLINARY NOTICE
            AND CORRECTIVE ACTION PLAN      Date   December 2, 2010

Copies      Human Resources                 Ref
            File

This Disciplinary Notice and Corrective Action Plan is being issued as a result of an incident that occurred on November 23, 2010

# REDACTED

You are encouraged to take advantage of the Employee Assistance Program (EAP) if you need assistance in resolving any personal issues or situations that might be affecting your performance.  You may contact the EAP Administrator at 661-272-6236 to set up a confidential appointment.

NORTHROP GRUMMAN PRIVATE – LEVEL 1

NORTHROP GRUMMAN PRIVATE – LEVEL 1

Alan Zinzow, REDACTED
Page 2 of 2

This notice will remain active in your file for (12) months from the date above.  You may contact your manager at that time and request to be removed.

You are advised that if you believe company policy has not been followed in the issuance of this action you may have rights to dispute it.   For information on the Dispute Resolution Process, you should review the company handbook *Working With Aerospace Systems* (on-line at:  http://home.as.northgrum.com/home/Pages/default.aspx) or Corporate Procedure CO H103 (on-line at:  http://home.northgrum.com/corp_cmd_media/Documents/h103.doc).   If you have any questions regarding this process, or would like a hard-copy of either document, please contact your HR Business Partner at (661) 272-6292.


*Wayne Dobias*
Wayne Dobias, Supervisor
F-35 Production Operations
(661) 816-7937



ACKNOWLEDGMENT OF RECEIPT:


_____                    _12-02-10_____
Employee Name                                                         Date



NORTHROP GRUMMAN PRIVATE – LEVEL 1